UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JASON M. HATFIELD, P.A.                                                                                    PLAINTIFF

v.                                              No. 5:22-CV-05110

CESAR ORNELAS, et al.                                                                               DEFENDANTS

## ORDER

Before the Court are three motions (Docs. 37, 39, & 41) to stay discovery. Defendants Steven Kherker and Kherker Garcia, LLP filed a motion (Doc. 37) to stay and a brief in support (Doc. 38). Defendants Michael McCoy, Nunez & Associates, and Cesar Ornelas filed a motion (Doc. 39) to stay and brief in support (Doc. 40). Defendant Noe Jesus Mancia Polanco filed a motion (Doc. 41) to stay and brief in support (Doc. 42). The motions request the Court to stay discovery because there are currently three pending motions (Docs. 26, 34, & 36) to dismiss. Plaintiff has not filed a response, but no response is necessary.

"A district court's 'power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Physicians Home Health Infusion. P.C. v. UnitedHealthcare of the Midwest, Inc.*, No. 18cv01959, 2019 WL 4644021, at *2, (E.D. Mo. Sept. 24, 2019) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). To stay discovery because of a motion to dismiss, a district court considers the following factors: "'(1) whether the movant has shown a likelihood of success on the merits of the dispositive motion; (2) hardship or inequity to the moving party if the matter is not stayed; (3) prejudice to the non-moving party [if the matter is stayed]; and (4) the conservation of judicial resources.'" *Id.* (alterations in original) (citing *Dufrene v. ConAgra Foods, Inc.*, No. 15-cv-2796, 2016 WL 10651947, at *2 (D. Minn. Apr. 7, 2016)). The court also looks

to "the breadth of the pending discovery; the balance of harms in delaying discovery against the possibility that the motion to dismiss will dispose of the case; and the public interest." *Id.* (quotations and citations omitted) (alterations adopted).

Here, the Court finds the conservation of judicial resources and the public interest weigh heavily in favor of a stay. This litigation involves several issues, some of which are complex, and to require the parties to conduct discovery prior to a ruling on the motions to dismiss would likely produce hardship to Plaintiff and Defendants. Further, approximately 80 pages of briefing have been filed on the motions to dismiss and it is likely that number will double when Plaintiff files responses. Conducting discovery prior to a ruling would not conserve judicial resources. Taking the above factors into consideration, discovery will be stayed pending a ruling on the motions to dismiss.

IT IS THEREFORE ORDERED that Defendants' motions (Docs. 37, 39, & 41) to stay are GRANTED. Discovery is stayed pending the Court's ruling on the motions to dismiss. Once an opinion and order has been entered, the Court will enter an amended initial scheduling order.

IT IS SO ORDERED this 4th day of August, 2022.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE