UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JASON M. HATFIELD, P.A.                                                                          PLAINTIFF

v.                                     No. 5:22-cv-5110

CESAR ORNELAS; STEVEN KHERKHER;
MICHAEL McCOY; NOE JESUS MANCIA
POLANCO, individually and as Personal
Representative and Special Administrator of the
Estate of Flor Maribel Recinos Valle; NUNEZ &
ASSOCIATES; KHERKHER GARCIA, LLP;
TONY PIRANI; and PIRANI LAW, LLP                                                      DEFENDANTS

## ORDER

Before the Court are Plaintiff Jason Hatfield's motion to disqualify Defendant Tony Pirani as counsel for Defendant Noe Jesus Mancia Polanco (Doc. 87), Plaintiff's memorandum in support (Doc. 88), and Defendants Pirani and Mancia's response in opposition (Doc. 92). Hatfield seeks to disqualify Pirani from representing Mancia based on a conflict of interest between Pirani and Mancia, a conflict of interest between Mancia and other clients represented by Pirani in the related state-court action, Pirani's allegedly deficient representation of Mancia in the present matter, and the crime-fraud exception to attorney-client privilege under Arkansas law. For the reasons explained below, Hatfield's motion will be DENIED WITHOUT PREJUDICE.

As an initial matter, Pirani and Mancia claim that Hatfield lacks standing to disqualify Pirani. The Eighth Circuit has held that to have standing to disqualify counsel, a party generally must be injured in some way by the counsel's representation of another party. *O'Connor v. Jones*, 946 F.2d 1395, 1400–01 (8th Cir. 1991). However, federal district courts retain the power to disqualify counsel *sua sponte* in case of ethics violations. *Id.* at 1399. It follows that the Court may entertain the issue of disqualification for an ethical violation even if raised by a party not affected by the conflict. *Greenfield MHP Assocs., L.P. v. Ametek, Inc.*, 2018 WL 538961, *5 (S.D.

Cal. Jan. 24, 2018). Here, Hatfield alleges that Arkansas Rule of Professional Conduct 1.7(a)(1)–(2) prohibits Pirani from representing Mancia. (Doc. 88, pp. 2–3). Therefore, because an ethical issue is implicated, the Court will consider Hatfield's motion.

Motions to disqualify are given extra scrutiny due to their potential for abuse. *Zerger & Mauer LLP v. City of Greenwood*, 751 F.3d 928, 931 (8th Cir. 2014). Disqualification is disfavored because it deprives litigants of their chosen counsel, and therefore lawyers are disqualified only when "absolutely necessary." *Macheca Transport Co. v. Philadelphia Indem. Co.*, 463 F.3d 827, 833 (8th Cir. 2006). However, the power to disqualify is a matter of the Court's discretion as part of its responsibility to supervise members of its bar. *Zerger* at 931; *Macheca* at 833. The guidelines for disqualification are the rules of conduct adopted by the Court. *Zerger*, 751 F.3d at 932. This Court has adopted the Arkansas Rules of Professional Conduct. W.D. Ark. R. 83.5(e) (adopting Uniform Federal Rules of Disciplinary Enforcement); Unif. Fed. R. Disciplinary Enforcement IV(B) (adopting rules of conduct of highest court in state where this Court sits).

First, Hatfield claims that Pirani waived his clients' attorney-client privilege in the related state-court action to protect his own interests. (Doc. 88, pp. 10–19). However, the alleged waivers either did not impact Mancia or were for Mancia's benefit. *See id.* Because Mancia is the only client of Pirani's in that case who is a party to this matter, the Court does not believe that Pirani's disqualification here is "absolutely necessary" to ensure fairness to Mancia. The Court also notes that Hatfield has filed a substantially identical motion to disqualify in the related case. Motion to Disqualify & for an Order Declaring Waiver of Attorney Client Privilege, *Noe Mancia Polanco et al. v. J.B. Hunt Transport et al.*, 72CV-20-2759 (Ark. Cir. Ct. 2023). The court in that case, which has the allegedly aggrieved parties before it and ordered the discovery at issue, is in the best

position to determine whether a conflict exists. Therefore, it is not "absolutely necessary" that this Court disqualify Pirani to prevent a conflict of interest.

Second, Hatfield claims that Pirani falsely asserted privilege to impede depositions in the related state-court action. (Doc. 88, pp. 19–20). Hatfield claims that "Pirani's bad faith conduct during such sworn depositions is evidence of what to expect in this federal case." *Id.* at 20. The Court will not preemptively disqualify Pirani based on misconduct Hatfield expects him to commit during discovery. The Court will deal with any discovery disputes as they arise. If such a dispute arises and Pirani is found to have acted in bad faith, the Court will first consider sanctioning Pirani personally rather than depriving Mancia of his counsel of choice. As for the alleged discovery violations in the other action, Hatfield's proper remedy is in the other court, where he has already sought relief. Emergency Motion for Sanctions With Incorporated Brief in Support, *Noe Mancia Polanco et al. v. J.B. Hunt Transport et al.*, 72CV-20-2759 (Ark. Cir. Ct. 2023). Therefore, this Court does not find it "absolutely necessary" to disqualify Pirani on this ground.

Third, Hatfield claims that a conflict of interest exists because Pirani's representation of Mancia in this case, the related case, and an unrelated criminal case is adverse to his representation of certain other plaintiffs in the related case. (Doc. 88, pp. 21–24). As mentioned above, this issue has been raised before the court in the related case, which is in a better position to manage the counsel and protect the parties before it. Accordingly, it is not "absolutely necessary" that this Court take action to protect parties not before it.

Fourth, Hatfield claims that Pirani is inappropriately leveraging these two cases against each other to thwart discovery in both. (Doc. 88, pp. 24–25). Again, the Court will deal with discovery issues as they arise. If Hatfield believes that Pirani is inappropriately withholding information, his proper remedy is a motion to compel, not a motion to disqualify. And unless and

3

until motions to compel and their attendant sanctions prove ineffective, the Court will not consider disqualification as a remedy in a discovery dispute.

Fifth, Hatfield points to the fact that Pirani filed his own answer in a timely fashion but filed Mancia's answer late, without having asked for an extension. (Doc. 88, p. 25). Arkansas Rule of Professional Conduct 1.7 states that "a lawyer shall not represent a client if . . . there is a significant risk that the representation . . . will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person or by a personal interest of the lawyer." However, the Court does not believe that the late filing times point to a "material limitation" caused by Pirani's personal interest. Rather, they speak to questionable time-management practices on Pirani's part. There is no inevitable conflict between Mancia and Pirani in this regard as long as Pirani's filings are all timely. Therefore, the Court does not find disqualification to be "absolutely necessary" based on Pirani's filing practices. To the extent that Hatfield would like the Court to extrapolate this single incident to broadly show Pirani's disregard for Mancia's interests, the Court declines.

Sixth, Hatfield states that he wishes to settle with Mancia but not Pirani, thus creating a conflict of interest with regard to future settlement negotiations. (Doc. 88, pp. 25–26). However, it is unclear how Pirani's personal interest would thwart a settlement. Hatfield has specifically said that he will not settle with Pirani (Doc. 88, p. 3), so it is not as though Pirani can use confidential information about Mancia's settlement to negotiate a more favorable settlement for himself. Accordingly, it does not appear necessary, much less "absolutely" so, to disqualify Pirani over the settlement issue.

Seventh and finally, Hatfield states that Mancia is "at risk of losing future attorney-client privilege . . . if Pirani is permitted to remain." Hatfield claims that because Pirani and Mancia are

co-defendants in the RICO case, communications between them will fall under the "crime or fraud" exception to the attorney-client privilege under Arkansas Rule of Evidence 502(d)(1). However, by its own terms, this rule only applies when the client obtained the lawyer's services to commit or plan what the client knew or should have known to be a crime or fraud. Further, it only applies to communications about planning or committing the crime, not to other topics. *Lewis v. State*, 577 S.W.2d 415, 416 (Ark. 1979). Therefore, while some of Mancia's communications with Pirani may ultimately be discoverable, Rule 502(d)(1) will not impair Mancia's ability to seek legitimate legal advice from Pirani in this case. Accordingly, it is not "absolutely necessary" that Pirani be disqualified so that Mancia can obtain confidential legal advice.

For the foregoing reasons, the Court will not disqualify Pirani from representing Mancia at this time. However, this is not to say that no conflict of interest exists. While Pirani and Mancia's interests align for the time being in this litigation, it is conceivable that future developments will lead to a truly irreconcilable conflict of interest between the two. For this reason, the denial of Hatfield's motion is without prejudice to a later disqualification, should it become necessary.

The Court also cautions Pirani that he appears to be on shaky ethical ground under the Arkansas Rules of Professional Conduct. "[I]f the probity of a lawyer's own conduct in a transaction is in serious question, it may be difficult or impossible for the lawyer to give a client detached advice." Ark. R. Prof'l Conduct 1.7, cmt. 10. Therefore, the Court encourages Pirani to seek Mancia's informed consent to continued representation as detailed under Arkansas Rule of Professional Conduct 1.7(b).

In his response, Pirani requests an award of "full attorney's fees and expenses incurred in defending against this abusive action." (Doc. 92, p. 37). The Court assumes that Pirani refers only to the fees and expenses incurred in responding to the Motion to Disqualify. While Hatfield's

5

motion was ultimately unsuccessful, the underlying ethical question is not a frivolous one, and the motion was not "so unwarranted as to show a lack of good faith." *Wise by and through Wise v. Pea Ridge School Dist. No. 109*, 675 F. Supp. 1524, 1533 (W.D. Ark. 1987). Accordingly, the Court declines to award fees under Federal Rule of Civil Procedure 11.

    IT IS THEREFORE ORDERED that Plaintiff's Motion to Disqualify is DISMISSED WITHOUT PREJUDICE. Defendants' request for sanctions is DENIED.

    IT IS SO ORDERED this 23rd day of January, 2023.

                                          /s/ P. K. Holmes, III
                                          P.K. HOLMES, III
                                          U.S. DISTRICT JUDGE