## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

| | | |
|---|---|---|
| **JASON M. HATFIELD, P.A.,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| **VS.** | ) | |
| | ) | **CASE NO. 5:22-cv-05110-PKH** |
| **MICHAEL MCCOY, CESAR ORNELAS,** | ) | |
| **NUNEZ & ASSOCIATES, KHERKHER** | ) | |
| **GARCIA, LLP, STEVEN KHERKHER,** | ) | |
| **TONY PIRANI, PIRANI LAW PA, and** | ) | **JOINT INITIAL RESPONSE** |
| **NOE JESUS MANCIA POLANCO,** | ) | **TO PLAINTIFF'S MOTION** |
| **INDIVIDUALLY AND AS PERSONAL** | ) | **TO COMPEL RESPONSES BY** |
| **REPRESENTATIVE AND SPECIAL** | ) | **THE PIRANI DEFENDANTS** |
| **ADMINISTRATOR OF THE ESTATE** | ) | |
| **OF FLOR MARIBEL RECINOS VALLE,** | ) | |
| | ) | |
| **DEFENDANTS.** | ) | |

### JOINT INITIAL RESPONSE TO PLAINTIFF'S MOTION
### TO COMPEL RESPONSES BY THE PIRANI DEFENDANTS

COME NOW separate defendants Tony Pirani, *pro se*, and Pirani Law PA, by and through its attorney, Tony Pirani of Pirani Law PA (hereinafter, collectively, "the Pirani Defendants"), for their joint Initial Response to Plaintiff Jason M. Hatfield, P.A.'s (hereinafter "Hatfield") Motion to Compel Responses by the Pirani Defendants, and do hereby state, allege, and move for denial and dismissal of the same, as follows:

1. The Pirani Defendants, pursuant to section two (2) of the court's Final Scheduling Order (Dkt. 97), entered January 17, 2023, following the Case Management Conference previously conducted herein, for their Initial Response to Plaintiff's Motion to Compel, hereby move this Court to deny and to dismiss Plaintiff's bad faith, dishonest, and non-

compliant pleadings.  Plaintiff's counsel has blatantly disregarded and failed to observe or follow this Court's Orders regarding the proper procedures for resolving discovery disputes, he has both grossly misrepresented and omitted key facts in an apparent effort to confuse and mislead this court, and Plaintiff's counsel has also unreasonably refused, despite repeated good faith offers and attempts on the part of the Pirani Defendants, to engage in any actual efforts at all, let alone "good faith efforts," to attempt to resolve the parties' discovery disputes without court intervention.

2. As such, Plaintiff's Motion should be denied and dismissed on these bases alone.

3. This Court has clearly ordered, with an "ALL-CAPS" advisory to all counsel in this matter, that a discovery motion _must not be filed_ until counsel has first made a "good faith effort" to resolve the discovery dispute, with the court additionally specifying that the good faith effort required prior to the filing of such a motion means, *at a minimum,* either an in-person or telephone conversation. *See* Dkt. 97, § 2, par. 2 (emphasis added).

4. Plaintiff's counsel has plainly not done that here, despite falsely stating in his pleading that "the parties have conferred in good faith on the specific issue or issues in dispute and are not able to resolve their disagreements without the intervention of the Court." Dkt. 114, par. 1.  As set forth in more detail hereinbelow, and as reflected in the attached and referenced exhibits, that pleading statement cannot possibly be considered true or accurate because it simply cannot be reconciled with the undisputed fact that Plaintiff's counsel has still not even attempted to actually engage in good faith at all with the Pirani Defendants to try and resolve their disagreements over discovery.

5. Plaintiff further employs language in his Brief in Support (Dkt. 115) falsely suggesting and implying to this Court that the Pirani Defendants have had a full opportunity and

sufficient time to respond substantively to Plaintiff's responses to objections and that the parties are now subsequently at an impasse. Specifically, in reference to a discovery letter only first seen and read by the Pirani Defendants' counsel at the beginning of this very week, on March 28, 2023 (as Plaintiff's counsel was on notice would be the case well in advance to the filing of his Motion to Compel), Plaintiff's Brief in Support states that "Pirani remains steadfast in his refusal to answer ..." *Id.* at p. 5.  As set forth in more detail hereinbelow, however, and as also reflected in the attached and referenced exhibits, such statements by Plaintiff's counsel are, at best, disingenuous, and at worst, they can, and the Pirani Defendants hereby respectfully aver that they should, be understood and seen as a deliberate and brazen attempt to mislead this Court.

6.    Indeed, as already noted, Plaintiff's counsel filed his Motion and Brief prior to the Pirani Defendants ever having even seen his lengthy responses to the Pirani Defendants' good faith and timely discovery objections, and the Pirani Defendants have still not yet been afforded an adequate opportunity to respond to the same but have instead, now, been needlessly forced to expend more of their already limited time and resources working on drafting this initial response to Plaintiff's bad faith pleadings.

7.    Of significant and relevant note, as a point of reference and information for the Court's consideration, when reasonably proposed by prior counsel for the Nunez defendants, Plaintiff's counsel previously agreed to a one-week period of time for said counsel to reply in writing to a similar discovery letter regarding the Nunez defendants' good faith discovery objections.  *See* Exhibit 1, attached hereto.  Here, the Pirani Defendants have likewise reasonably proposed an equal period of time to prepare and submit their formal written response to their own lengthy discovery letter from Plaintiff's counsel, after

which undersigned counsel has also then proposed and requested a telephone or Zoom conference, in compliance with the Order of this Court.  *See* Dkt. 97, § 2, par. 2.

8.  The Pirani Defendants' reasonable requests and continuing good faith efforts, however, regrettably, have either gone ignored or been outright refused.  *See* Exhibit 2, attached hereto (entire thread).  Plaintiff's counsel has also not even bothered to try and articulate any legitimate reason or rationale for this glaring disparity in his treatment as between defendants, and taking into consideration the insulting tone and tenor of both his pleadings and written correspondence, the Pirani Defendants respectfully aver that this Court both can, and should, find that Plaintiff's counsel appears to be animated by and to be acting primarily out of some sort of personal animus against the undersigned counsel, as opposed to acting in true good faith.  Hence, the Pirani Defendants' contention herein that Plaintiff's Motion has been brought in explicit bad faith.

9.  In addition to his plain failure to follow this Court's orders regarding an in-person or telephone conversation with opposing counsel, Plaintiff's counsel has also notably failed to avail himself, or his client, for that matter, of even a telephone conference with the Court regarding the discovery dispute, which intermediate option, while not strictly required, has been strongly encouraged by the Court (*See* Dkt. 97, § 2, par. 3).  Instead, Plaintiff's counsel skipped several steps ahead and has now unreasonably gone straight to premature, and thus unnecessary at present, motion practice, thereby needlessly wasting both this Court's and undersigned counsel's time.

10. Moreover, having hastily chosen to file his Motion to Compel without the benefit of a telephone conference with the Court beforehand, Plaintiff's counsel is in even further violation of this Court's Orders regarding discovery, as he also failed to "specifically

set out what efforts were made to resolve the dispute without court intervention and/or why a conversation between the parties was not possible" (*Id.* at § 2, par. 4), as all counsel in this matter were clearly ordered and directed to set forth for a discovery Motion such as the one Plaintiff's counsel chose to file.  Not only is such a conversation quite possible, but the Pirani Defendants have repeatedly and specifically requested the same, only to be consistently and insultingly rebuffed. *See* Exhibit 2, attached hereto. There is therefore no reasonable or defensible explanation as to the conduct of counsel for Plaintiff or his numerous and myriad pleading failures herein.

11. As such, Plaintiff's Motion should be denied and dismissed on this basis as well.

12. Additionally, notwithstanding and violative of the Court's very clear admonition that "*[a] generic certification of conferral in good faith will not suffice*" (Dkt. 114, § 2, par. 4) (emphasis added), Plaintiff's counsel instead, incredibly, sets forth not only just such a generic certification, but a blatantly and demonstrably *false* generic certification. As the Court has previously warned regarding the same, "*[a]ny motion not properly setting forth a good faith effort may be denied on that basis alone.*" *Id.* (emphasis added).

13. For all of the above-stated grounds, the Pirani Defendants therefore hereby respectfully request and pray that this Court do exactly what it warned Plaintiff's counsel it would and that Plaintiff's non-compliant, bad faith Motion be properly denied and dismissed.

14. In support of their argument and request for summary denial and dismissal of Plaintiff's Motion to Compel, and as further illustration of the extent of Plaintiff counsel's bad faith conduct and practice herein, the Pirani Defendants respectfully refer the Court to the following timeline of the relevant discovery events and exchanges between the parties, as confirmed and corroborated by the attached and referenced exhibits:

a. February 16, 2023 – The Pirani Defendants served upon Plaintiff's counsel their timely[1] objections and responses to both Plaintiff's Interrogatories and Requests for Production of Documents to the Pirani Defendants (*See* Dkt. 114-2 and Exhibit 3, attached hereto).

b. February 16, 2023 – Plaintiff's counsel advised the Pirani Defendants that he would be providing, "later [that] week,"[2] a "good faith response" so as to seek to resolve any discovery disputes "without Court intervention" (*See* Dkt. 114-10 at p. 3).

c. March 7, 2023 – Plaintiff's counsel sent an email and discovery letter to prior counsel for the Nunez defendants (*See* Exhibit 4, attached hereto).

d. March 8, 2023 – Then-counsel for the Nunez defendants, citing both the number of requests in Plaintiff's counsel's letter, as well as the obvious helpfulness of such an approach, notified Plaintiff's counsel that he would be submitting a written response on behalf of his then-clients within one (1) week and proposing a direct conversation afterward (*See* Exhibit 5, attached hereto).

e. March 8, 2023 – Plaintiff's counsel agreed to the above-referenced proposal for a one week written response period followed by a telephone conference, stating "I of course will accommodate a request to delay our phone call until next Wednesday if that is what you are asking for." (*See* Exhibit 6, attached hereto).

---

[1] The Pirani Defendants and other defendants herein calculated the response time from the January 17, 2023 Case Management Conference and the Court's Order of that same day setting forth the allowable parameters, scope, and timing of discovery, thereby rendering such responses due, upon reasonable belief and calculation, thirty (30) days from that date, *i.e.*, February 16, 2023, which is when the Pirani Defendants served their original responses.

[2] This was a self-imposed deadline on the part of Plaintiff's counsel, but one which he indisputably failed to meet.

f.  March 17, 2023 – Corresponding with both Plaintiff's counsel and the State Court in wrongful death civil case and associated probate state court matters, Plaintiff's counsel was advised and thus put on notice that undersigned counsel would be out of state the entire next week and "expect[ed] to be pretty covered up with other cases and trials upon [his] return and [was] trying to plan [his] schedule accordingly." (*See* Exhibit 7, attached hereto).

g.  March 17, 2023 – Plaintiff's counsel emailed undersigned counsel, and counsel for other defendants herein, claiming to have previously sent a discovery letter to the Pirani Defendants on March 7, 2023 as well, separate from the one all defense counsel had received regarding the Nunez defendants, but which letter was not received by the Pirani Defendants (*See* Exhibit 8, attached hereto).

h.  March 17, 2023 – Undersigned counsel, prior to leaving for a long-scheduled family vacation and out-of-state musical concert for his daughter's spring break, upon receipt of the aforementioned email, directly advised Plaintiff's counsel that no such email or letter as had purportedly been sent out on March 7, 2023 was ever received, but only after having first sought to confirm with other defense counsel that they had also received no such letter, and having received no indication that anyone had, further advising Plaintiff's counsel accordingly that "[he] would be happy to consider any additional points [Plaintiff's counsel] may wish to make in letter form upon [his] return," but also advising again that he would be out of state with family for a pre-planned trip and would therefore be "*unable to review until the week of March 27th, at the earliest.*" (*See* Exhibit 9, attached hereto) (emphasis added).

i.   March 17, 2023 – Plaintiff's counsel emailed other defense counsel to inquire as to whether they had received his purported letter on March 7, 2023 or not (*See* Exhibit 10, attached hereto)[3].

j.   March 20, 2023 – Counsel for the Kherkher defendants confirmed to Plaintiff's counsel, in response to his request the evening of March 17th, that they also had not received any email or letter on March 7, 2023 from Plaintiff's counsel directed to the Pirani Defendants on March 7, 2023, but only the email and letter to then-counsel for the Nunez defendants[4] (*See* Exhibit 11, attached hereto).

k.   March 27, 2023 – Undersigned counsel noted the receipt, as then forwarded by Plaintiff's counsel, of the previously referenced discovery letter directed to the Pirani Defendants; of relevant note, however, undersigned counsel was also out of the office for the entirety of the business day that day (which was already his very first day back, as Plaintiff's counsel was fully aware) for hearings and meetings regarding said counsel's representation on a major homicide case in Boone County, Arkansas, and undersigned counsel was thus unable to actually read or review said letter until the following day, Tuesday, March 28th.

l.   March 28, 2023 – Upon receipt and review of the lengthy discovery letter (*See* Dkt. 114-3), undersigned counsel, promptly and at his earliest opportunity upon

---

[3] At the time Plaintiff's counsel sent his second email, he would have received the following automatic out-of-office reply from undersigned counsel, who had concluded his remaining uncompleted work prior to leaving town:  *"Thank you for your email.  I am currently on vacation with my family through Monday, March 27th, and I will be unavailable during this time.  If you require immediate assistance, please contact our office directly at (479) 249-8009."*

[4] In the interest of candor and full disclosure, the Pirani Defendants note that prior counsel for the Nunez defendants subsequently advised that he had, in fact, received a second message and letter from Plaintiff's counsel on March 7, 2023, but the reasons for this are unknown, as again, no other counsel to whom it was purportedly sent received anything at all directed to the Pirani Defendants, but only the letter by Plaintiff's counsel to the Nunez defendants.

return from having been out of state the past week, emailed Plaintiff's counsel as follows: *"Thank you for your letter, I was out of town yesterday for court on a homicide case, have depos today, and will be in trial tomorrow, but I will review by the end of the week and can respond accordingly next week. As Martin requested previously, I would appreciate an opportunity to provide a written response first and would then be happy to visit directly by phone or over Zoom regarding the same."* (*See* Exhibit 12, attached hereto).

m.  March 28, 2023 – Plaintiff's counsel filed the Motion to Compel and Brief in Support which is the subject of this Initial Response, thereby kicking off what then became, in the Pirani Defendants' view, an exceedingly odd and ultimately pointless back-and-forth email exchange, with undersigned counsel respectfully and accurately lamenting the hastiness of Plaintiff's counsel's premature filing and also pointing out, as an attempted courtesy, Plaintiff's non-compliance with the Court's Order as to proper procedure for discovery disputes; the Pirani Defendants further offered an amicable and good faith proposed resolution as to how the parties could move forward in a reasonable fashion, but undersigned counsel was repeatedly and rudely rebuffed in his repeated good faith efforts, as well as being predictably subjected to the now-characteristic accompanying insults and personal attacks to which Plaintiff's counsel is prone and to which he has apparently become accustomed when dealing with undersigned counsel in particular; such unwarranted insults are neither necessary nor particularly helpful and are distinctly unconducive to the furtherance of actual good faith discussions (*See* Exhibit 2, attached hereto) (entire thread).

15. The above-described conduct by Plaintiff's counsel this week, beginning the morning of Tuesday, March 28th, and continuing through the afternoon of Thursday, March 30th (*See Id.*) all occurred despite Plaintiff's counsel having been informed and advised well in advance that undersigned counsel would be out of state and out of office until March 27th, and despite Plaintiff's counsel thus being fully aware that undersigned counsel could not possibly have had sufficient time to fully review, or, especially, to adequately and appropriately respond to the substance of Plaintiff's counsel's lengthy discovery letter. To wit, Plaintiff's non-compliant pleadings were filed barely over twenty-four (24) hours after undersigned counsel's return, and he did so without even bothering to so much as contact undersigned counsel to inquire at all regarding the same. *See Id.*

16. In light of all of the above and foregoing, the Pirani Defendants respectfully submit that if ever there were a compelling case for a finding of truly bad faith, that this is surely that case, and they therefore respectfully request and pray that this Court does so find.

17. As a result of all of the above-described events and the attached and referenced written correspondence, the Pirani Defendants, having first tried mightily to avoid such next steps, but having been left with no other choice by Plaintiff's counsel's steadfast refusal to actually engage in good faith regarding the same, hereby plead their timely and initial response to Plaintiff's Motion, in compliance with the Court's Order governing such situations and pursuant to the same (*See* Dkt. 97, § 2, par. 5).

18. Accordingly, for all of the reasons outlined and detailed hereinabove, and on all grounds asserted and stated herein, including on the basis of Plaintiff's counsel's abject failure (and confounding subsequent refusal) to follow the prescribed procedures regarding the filing of such motions, on grounds of bad faith and misrepresentations,

both knowingly and falsely made and improperly presented to this Court, and pursuant to the Court's clear orders and very direct instructions to all counsel herein, the Pirani Defendants hereby respectfully move for summary denial and dismissal of Plaintiff's Motion to Compel Responses by the Pirani Defendants.

19. While the Pirani Defendants hereby respectfully submit and aver that they have shown and demonstrated both sufficient and compelling grounds for denial and dismissal of Plaintiff's Motion without further pleading required at this time, in accordance with the Court's Order (Dkt. 97) as regards discovery disputes and motion practice (*See Id.* at § 2, par. 5), the Pirani Defendants also hereby state and respectfully request, alternatively, as follows:

    a. As to (1) whether the dispute can be promptly resolved without court intervention:

        i. The Pirani Defendants, as has been repeatedly expressed to Plaintiff's counsel, continue to believe that the pending discovery disputes between the parties can still likely be promptly resolved without court intervention (if not in whole, then certainly at least in large part, thereby significantly narrowing, if not entirely eliminating, the need for any court intervention at all).

        ii. The Pirani Defendants have simply requested, quite reasonably and in good faith, especially given the circumstances as Plaintiff's counsel knows them to be, adequate and sufficient time and opportunity to prepare and submit a full and thorough written response to Plaintiff's counsel's questions and concerns as outlined in his discovery letter

directed to the Pirani Defendants, as received and reviewed only just this week.

iii. The Pirani Defendants further believe, following Plaintiff's counsel's review of their formal written responses, that a telephone conference would likewise be beneficial and that such conference may yield much additional resolution and clarification of the issues.

iv. In addition, the Pirani Defendants believe a telephone conference with the Court would also be beneficial prior to any further motion practice or formal hearings at this particular time and juncture.

v. It would also be highly beneficial if Plaintiff's counsel would finally agree to actually negotiate in good faith on the terms for a proposed Protective Order between the parties, which, to this date, Plaintiff's counsel has utterly refused to even consider at all, despite repeated requests and a proposed order having been provided to him long ago. *See* Exhibits 13 and 14, attached hereto.

b. As to (2) whether the responding party intents to comply with the moving party's request and, if so, the expected time frame for compliance:

i. The Pirani Defendants, as the original responding parties, maintain and believe, even with their stated good faith objections, that they have complied, certainly substantially, if not fully, with Plaintiff's lengthy discovery requests already.

ii. This position is based primarily on the fact that Plaintiff's counsel has been aware since well before he ever even amended his original

complaint to name the Pirani Defendants at all in the first place, with that only following his failed and rejected application for intervention in the related State Court proceedings, that the Pirani Defendants were only associated as co-counsel on the state court matters subsequent to all of the initial events which comprise the core basis of Plaintiff's allegations herein.

iii. From what the Pirani Defendants' counsel has been able to glean from his initial review of Plaintiff counsel's discovery letter, Plaintiff's counsel seems to be under the mistaken impression that the Pirani Defendants are in possession of certain documents and information which they simply are not should not reasonably be expected to have been, per the known timeline of the cases themselves.

iv. One obviously cannot produce what one does not have in his or its possession, so again, that is the reason why the Pirani Defendants have proposed that a written response to the discovery letter, with a direct conference to follow, is the most appropriate course of action and should clarify many, if not all, of the issues which Plaintiff counsel has raised.

v. For these reasons, the Pirani Defendants respectfully submit to the Court that they are unable to answer this particular inquiry further at present, because Plaintiff's Motion was filed so prematurely; the Pirani Defendants will supplement this initial response once the parties are able to actually confer, including the expected timeframe for required additional compliance or production, if any.

c. As to (3) whether the responding party intends to substantively contest the motion and, if so, the minimum amount of time requested (not to exceed seven [7] days) to file a full response:

    i. If the Court does not see fit to deny and dismiss Plaintiff's Motion at this time, as the Pirani Defendants are respectfully requesting herein, then, yes, they do intend to substantively contest Plaintiff's Motion, especially given the gravity and magnitude of the extreme and apparently absolute waivers of privilege Plaintiff's counsel appears to be demanding, among other things.

    ii. If the Court declines to dismiss Plaintiff's Motion and requires the Pirani Defendants to respond further at this time to substantively contest the same, the Pirani Defendants would respectfully request, at a minimum, seven (7) days within to file such response, but additional time would be extremely appreciated and also requested, given that undersigned counsel has several major jury trials scheduled in multiple different courts over the next several upcoming weeks and is a solo practitioner.

d. As to (4) whether a hearing would be beneficial:

    i. As previously stated and requested hereinabove, the Pirani Defendants respectfully submit that prior to further motion practice or any formal hearings at all, that what would be most beneficial would be for the Pirani Defendants to first be allowed to respond in writing to the letter from Plaintiff's counsel first reviewed on Tuesday of this week, to then have a telephone conference to discuss, confer, and attempt to amicably

resolve any issues remaining under dispute following the conference, and lastly, prior to a formal hearing, the Pirani Defendants also believe that a telephone conference with the Court would likewise be beneficial.

ii.   Understanding that the Court may want the Pirani Defendants to still specifically state their preference as to the need for a formal hearing, then yes, the Pirani Defendants believe a hearing would be beneficial as opposed to any remaining discovery disputes being decided on the basis of pleadings alone, and insofar as such position and request are required to be included in this initial response, the Pirani Defendants do hereby respectfully request such formal Hearing prior to any final decision or discovery rulings by the Court (again, in the alternative only).

20. Lastly, because the Pirani Defendants cannot help but view Plaintiff's Motion as having been clearly brought in bad faith, and because of Plaintiff's counsel's knowing, blatant, and deliberate non-compliance with this Court's own orders regarding discovery and discovery disputes herein, the Pirani Defendants feel compelled to also request, and do so hereby respectfully request, that both Plaintiff and his counsel be admonished to not engage in such bad faith conduct moving forward to avoid needlessly wasting either this Court's time or the time of the parties and their respective counsel in this matter.

21. Accordingly, pursuant to Rule 37(a)(5)(B) of the Federal Rules of Civil Procedure, the Pirani Defendants hereby respectfully move for payment of their reasonable expenses and attorney's fees incurred in defending against Plaintiff's bad faith Motion.  The Pirani Defendants respectfully aver that Plaintiff's Motion, at the time of filing, was not substantially justified; nor was Plaintiff's counsel's refusal to negotiate or confer in

good faith subsequent to the filing of his Motion substantially justified.  In light of the totality of the circumstances, an award of expenses in this instance would not be unjust and would serve as a proper deterrent to such future misconduct by Plaintiff's counsel.

**WHEREFORE**, premises considered, Separate Defendants Tony Pirani and Pirani Law PA respectfully pray and request that this Court enter an Order (1) denying and dismissing with prejudice Plaintiff's Motion to Compel, and (2) awarding the Pirani Defendants their reasonable expenses and attorney fees incurred in defending against the same; and for any and all other legal or equitable relief deemed just and proper under the facts and circumstances of this case and to which the Pirani Defendants are, or to which they may otherwise prove themselves to be, entitled herein.

Respectfully submitted,
TONY PIRANI and
PIRANI LAW PA,
Separate Defendants

By:    */s/ Tony Pirani*
Tony Pirani, Ark. Bar No. 2006234
Pirani Law PA
3000 N. Market Ave., Ste. A
Fayetteville, Arkansas   72703
Telephone: (479) 249-8009
Facsimile: (479) 249-8046
Email: tony@piranilaw.com
**Attorney for Separate Defendants**
**Tony Pirani and Pirani Law PA**

| | |
|---|---|
| **From:** | Mark Henry |
| **To:** | Martin A. Kasten |
| **Cc:** | Tony Pirani; Spence Fricke; Jerry Garner |
| **Subject:** | Re: Ornelas, McCoy, and Nunez & Associates |
| **Date:** | Wednesday, March 8, 2023 6:03:25 PM |
| **Attachments:** | hlflogo.png |

Thank you Martin,

Understanding that you set forth the objections and did not produce documents on claim of privilege, and my letter merely outlines the reasons why such privileges do not apply, I don't see much else to discuss other than to see if you are going to change your position. That is the essence of our dispute which the Court understands it will be needing to resolve. I don't see a reason to delay, but I of course will accommodate a request to delay our phone call until next Wednesday if that is what you are asking for.

Also, please update me on dates for your client's depositions. I believe each will take the full time allotted, so please identify different days for each. I prefer to begin with Arturo Nunez, then depose Cesar, and then Mike McCoy.

Mark
_____

Mark Murphey Henry
mark@henry.us

P.O. Box 4800
Fayetteville, AR 72702
(479) 368-0555
www.henry.us

*** Please make note of our new, simplified email address!


HENRY LAW FIRM

On Mar 8, 2023, at 5:55 PM, Martin A. Kasten <MKasten@fridayfirm.com> wrote:

Mark,

I am in receipt of your letter that you sent last night. I think it will be helpful to provide a written response before we discuss by phone, especially given the number of discovery requests in your letter. Thus, it is my intention to get you a response within one week from today, and then we can talk thereafter. I will be back in touch then.

Thanks.

Martin

Exhibit 1

**From:** Mark Henry <mark@henry.us>
**Sent:** Tuesday, March 7, 2023 6:35 PM
**To:** Martin A. Kasten <MKasten@fridayfirm.com>
**Cc:** Tony Pirani <tony@piranilaw.com>; Spence Fricke <gsfricke@barberlawfirm.com>; Jerry Garner <JGarner@barberlawfirm.com>
**Subject:** Ornelas, McCoy, and Nunez & Associates

CAUTION: External Email

Martin,

Attached is a letter outlining the discovery problems with your production and disclosure. Please review and let me know a time this week we can talk on the phone prior to me contacting the Court.

Mark
_____

Mark Murphey Henry
mark@henry.us

P.O. Box 4800
Fayetteville, AR 72702
(479) 368-0555
www.henry.us

*** Please make note of our new, simplified email address!

| | |
|---|---|
| **From:** | Mark Henry |
| **To:** | Tony Pirani |
| **Cc:** | Jerry Garner; Spence Fricke; Otto Bartsch; Ed Lowther; sirby@wlj.com |
| **Subject:** | Re: Discovery deficiencies |
| **Date:** | Thursday, March 30, 2023 12:49:54 PM |

Tony,

I observe you have offered zero areas of inquiry where you have reviewed my motion and letter and see topics about which you have changed your position.

You seek delay and deadline extension after delay and extension.

Your statements relating to me lying or making false statements to the Court are incorrect and unprofessional.

I will not be withdrawing the motion as you have not changed your position on any substantive matter in either the state or federal case.

Mark

On Mar 30, 2023, at 12:08 PM, Tony Pirani <tony@piranilaw.com> wrote:

Mark,

As I have now repeatedly advised, I only just received and reviewed your letter on Tuesday, and I intend to provide you with a substantive response as early as I can next week regarding the same. If I have to prepare a responsive pleading first instead, however, then it will obviously take me a bit longer than I had originally hoped, but I still anticipate being able to have that to you by the end of next week. Either way, once you have had a chance to review my reply letter, I am requesting that we then arrange a phone call to discuss, as is required.

My message below was clearly not regarding the substance of our disagreements on discovery, but rather, the procedural deficiencies evident in your approach, as well as your misrepresentations to the Court falsely asserting that we had met and conferred, when those statements are simply not true. Indeed, it is precisely because of the untruthfulness of your statements, as well as your lack of compliance with the Court's orders regarding discovery disputes, that I felt it reasonable and fair to afford you an opportunity to withdraw your Motion and Brief and to correct the record as to your own falsehoods. If you remain steadfast in your refusal to do so, that is, again, your prerogative, but I thought I should at least offer you the chance before needlessly wasting the Court's time.

Accordingly, please kindly let me know by the end of the day today if you will be

Exhibit

withdrawing your Motion, so I do not have to waste my own time either drafting a formal response to your premature filings.  My schedule remains very tight with other cases and matters, and I would obviously prefer to work on the substantive answers to the discovery questions you raised in your letter rather than unnecessary pleadings.

As I also noted below, I believe Judge Holmes expects us to work together to try and resolve discovery disputes in a reasonable manner before seeking Court intervention, and this is my continuing good faith attempt to do just that.  I look forward to hearing back.

Thanks,

<image001.png>

---

**From:** Mark Henry <mark@henry.us>
**Sent:** Wednesday, March 29, 2023 11:15 AM
**To:** Tony Pirani <tony@piranilaw.com>
**Cc:** Jerry Garner <JGarner@barberlawfirm.com>; Spence Fricke <gsfricke@barberlawfirm.com>; Otto Bartsch <otto@henry.us>; Ed Lowther <elowther@wlj.com>; Martin A. Kasten <mkasten@fridayfirm.com>
**Subject:** Re: Discovery deficiencies

Tony,

You have had opportunity to review all documents and pleadings and my extensive, itemized good faith letter. We have had many email exchanges in which you declared you "agree to disagree."

In requesting additional time, which I will consider, I ask that you please identify for me the areas where you believe your substantive legal position has changed such that I should withdraw my motion to compel.

For example, you refused to provide documents on claim of attorney-client privilege or work-product privilege. Are you now withdrawing such objection and do you agree to produce documents you have withheld on the claim of privilege? As this is the primary point of the motion to compel - to address the applicability of the privilege - please confirm you have changed the position you have maintained throughout all aspects of litigation, both state and federal.

As additional example, will you now provide us with the probate case information identifying with specific detail all expenses advanced by the law firms on behalf of the clients, together with a corresponding receipts for such expenses?

As additional example, will you provide us with banking information?

As additional example, do you concede now that your answers were untimely?

You saying you believe there are areas where we can find common ground glosses over the immutable fact you have not produced, and you continue in your refusal to produce, all documents on claim of privilege and refuse to provide answers to the interrogatories.

Mark

————

Mark Murphey Henry
mark@henry.us

P.O. Box 4800
Fayetteville, AR 72702
(479) 368-0555
www.henry.us

*** Please make note of our new, simplified email address!
<image002.png>

On Mar 28, 2023, at 9:31 PM, Tony Pirani <tony@piranilaw.com> wrote:

Mark,

I, too, must confess to being somewhat puzzled.  Having now had an opportunity to briefly review your pleading, I cannot see how it complies with either the Court's orders regarding discovery procedures in this matter or Rule 3.3 of the Arkansas Rules of Professional Conduct.

It appears you first sent your discovery letter to me and my firm while I was on vacation with my family, and I notified you before I even left that I would thus be unable to review whatever you intended to send until the 27th at the earliest.  As I was tied up most of the day yesterday with a homicide case in Boone County, I only first got to even look at it this morning, which is when I sent you the below email.

You state in your Motion and Brief that "the parties have conferred in good faith on the specific issue or issues in dispute."  You further state in your Brief, regarding your discovery letter, that "[d]espite such narrowing, Pirani remains steadfast in his refusal to answer …"  Both of those statements, as well as others, are obviously and demonstrably false.  Nonetheless, since you raise so many arguments (which I believe I have now sufficiently parsed through, even though several of your numbers were off), I would again respectfully request that you afford me the same opportunity you did to Martin previously to prepare a formal written

response and for us to then speak directly to actually attempt in good faith to resolve the same. I do not view this to be an unreasonable request, and again, it tracks with the same procedures previously followed with respect to the Nunez defendants.

Accordingly, I am writing now, before filing a formal response with the Court, to offer you a chance to withdraw your Motion so that we can properly confer as to both my objections and your responses, as I understand to be required. Many of our differences here may actually be fairly easily resolved once you and I talk following my written response to your initial letter, and I honestly don't see that it is necessary at this juncture to take up the Court's time when we haven't yet actually even conferred.

If you are unwilling to so agree, that is obviously your prerogative, and I can certainly have an initial responsive pleading filed within the three days I am allowed, if I must. But again, Mark, I can't help but view your Motion as needlessly hasty and premature given the circumstances as you know them to be. If you had questions or were seeking clarity on when to expect my response now that I am back in the office, you could have simply called. At a minimum, you could have at least emailed before filing an offensive and unnecessarily personally insulting Motion to Compel and Brief.

At any rate, I believe the Court has been very clear that we are all expected to work together in good faith to try and resolve any discovery disputes, so that it precisely what I am trying to do here. Hence, my first message below and now this good faith request for you to reconsider and to withdraw your Motion and Brief pending further discussions between the parties. Please note that I will be in trial tomorrow, so it will be Thursday before I am able to get back to you again, but I look forward to your response.

Thanks,

<image001.png>

---

**From:** Mark Henry <mark@henry.us>
**Sent:** Tuesday, March 28, 2023 11:56 AM
**To:** Tony Pirani <tony@piranilaw.com>
**Cc:** Jerry Garner <JGarner@barberlawfirm.com>; Spence Fricke <gsfricke@barberlawfirm.com>; Otto Bartsch <otto@henry.us>; Martin A. Kasten <mkasten@fridayfirm.com>; Ed Lowther <elowther@wlj.com>
**Subject:** Re: Discovery deficiencies

Tony,

I am puzzled. Approximately one hour after I file a motion to compel, you ask for additional time to respond to the underlying discovery from February and also to my letter of March 7.

If you wish to update your discovery by supplementation, I would update the Court on the status of your supplementation, if any.

The question of attorney client privilege waiver needs resolution if we are to keep on schedule.

Mark
_____

Mark Murphey Henry
mark@henry.us

P.O. Box 4800
Fayetteville, AR 72702
(479) 368-0555
www.henry.us

*** Please make note of our new, simplified email address!
<image002.png>

> On Mar 28, 2023, at 11:46 AM, Tony Pirani
> <tony@piranilaw.com> wrote:
>
> Mark,
>
> Thank you for your letter.  I was out of town yesterday for court on a homicide case, have depos today, and will be in trial tomorrow, but I will review by the end of the week and can respond accordingly next week.  As Martin requested previously, I would appreciate an opportunity to provide a written response first and would then be happy to visit directly by phone or over Zoom regarding the same.
>
> Thanks,
>
> <image003.png>

**From:** Jerry Garner <JGarner@barberlawfirm.com>
**Sent:** Monday, March 20, 2023 8:45 AM
**To:** Mark Henry <mark@henry.us>; Spence Fricke
<gsfricke@barberlawfirm.com>; Otto Bartsch
<otto@henry.us>; Tony Pirani <tony@piranilaw.com>;
Martin A. Kasten <mkasten@fridayfirm.com>
**Subject:** RE: Discovery deficiencies

Mark,

Good morning.  I did not receive an e-mail from you on
March 7 to Tony.  The only e-mail I got from you that day
was the e-mail with your good faith letter to Martin.

Best,

Jerry D. Garner
ATTORNEY AT LAW

BARBER LAW FIRM
425 West Capitol Avenue, Suite 3400
Little Rock, Arkansas 72201

Direct | 501.707.6125
Company | 501.372.6175
Facsimile | 501.375.2802
E-Mail | jgarner@barberlawfirm.com

www.barberlawfirm.com

The information contained in this communication is privileged, confidential
information prepared in the furtherance of the rendition of professional legal
services and is not intended to be disclosed to persons other than the individual
named.  If the recipient of this message is not the intended recipient, you are
hereby notified that any dissemination, distribution or copying of this
communication is strictly prohibited.  If you have received this message in error,
please notify the sender immediately, and delete any electronic or physical copy of
this message in your control or possession.

---

**From:** Mark Henry <mark@henry.us>
**Sent:** Friday, March 17, 2023 8:18 PM
**To:** Spence Fricke <gsfricke@barberlawfirm.com>; Jerry
Garner <JGarner@barberlawfirm.com>; Otto Bartsch
<otto@henry.us>; Tony Pirani <tony@piranilaw.com>;
Martin A. Kasten <mkasten@fridayfirm.com>
**Subject:** Fwd: Discovery deficiencies

**Caution: This message originated outside of the
organization.**

Good evening counsel,

Tony claims he did not get the below email I sent to you and Tony. Did you receive it? Please let me know.

Mark

Begin forwarded message:

> **From:** Mark Henry <mark@henry.us>
> **Date:** March 7, 2023 at 4:27:27 PM CST
> **To:** Tony Pirani <tony@piranilaw.com>
> **Cc:** Spence Fricke <gsfricke@barberlawfirm.com>, "Martin A. Kasten" <MKasten@fridayfirm.com>, Jerry Garner <JGarner@barberlawfirm.com>
> **Subject: Discovery deficiencies**
>
> Tony,
>
> Attached is a letter outlining the discovery problems with your production and disclosure. Please review and let me know a time this week we can talk on the phone prior to me contacting the Court.
>
>
> Mark
> _____
>
> Mark Murphey Henry
> mark@henry.us
>
> P.O. Box 4800
> Fayetteville, AR 72702
> (479) 368-0555
> www.henry.us
>
> *** Please make note of our new, simplified email address!

| | |
|---|---|
| **From:** | Tony Pirani |
| **To:** | Mark Henry |
| **Cc:** | Spence Fricke; Jerry Garner; Martin A. Kasten |
| **Bcc:** | matter+fc71ed06-9370-4b89-9f01-5e8d6c36afdf@mailsync.practicepanther.com; matter+1f8073f0-249a-41b8-86dd-19f0cfde573e@mailsync.practicepanther.com |
| **Subject:** | RE: Pirani Discovery Responses to Hatfield - Part 3 of 3 |
| **Date:** | Thursday, February 16, 2023 12:14:00 PM |
| **Attachments:** | 2-16-23 Obj & Resp to Rogs (TP).pdf |
| | image001.png |

Part 3 of 3



**Phone: (479) 249-8009**

Fax: (479) 249-8046 / Text: (833) 4-PIRANI

3000 N. Market Ave., Ste. A, Fayetteville, AR 72703

**From:** Tony Pirani
**Sent:** Thursday, February 16, 2023 12:13 PM
**To:** 'Mark Henry' <mark@henry.us>
**Cc:** 'Spence Fricke' <gsfricke@barberlawfirm.com>; 'Jerry Garner' <JGarner@barberlawfirm.com>; 'Martin A. Kasten' <MKasten@fridayfirm.com>
**Subject:** RE: Pirani Discovery Responses to Hatfield - Part 2 of 3

Part 2 of 3



**Phone: (479) 249-8009**

Fax: (479) 249-8046 / Text: (833) 4-PIRANI

3000 N. Market Ave., Ste. A, Fayetteville, AR 72703

**From:** Tony Pirani
**Sent:** Thursday, February 16, 2023 12:13 PM
**To:** 'Mark Henry' <mark@henry.us>
**Cc:** 'Spence Fricke' <gsfricke@barberlawfirm.com>; 'Jerry Garner' <JGarner@barberlawfirm.com>; 'Martin A. Kasten' <MKasten@fridayfirm.com>
**Subject:** RE: Pirani Discovery Responses to Hatfield - Part 1 of 3

First attempt got kicked back due to file size, so re-sending separately now.  This will be part 1 of 3.

Exhibit

Thanks,



**Phone: (479) 249-8009**

Fax: (479) 249-8046 / Text: (833) 4-PIRANI

3000 N. Market Ave., Ste. A, Fayetteville, AR 72703

---

**From:** Tony Pirani
**Sent:** Thursday, February 16, 2023 12:09 PM
**To:** Mark Henry <mark@henry.us>
**Cc:** Spence Fricke <gsfricke@barberlawfirm.com>; Jerry Garner <JGarner@barberlawfirm.com>;
Martin A. Kasten <MKasten@fridayfirm.com>
**Subject:** Pirani Discovery Responses to Hatfield

Please see attached responses to Hatfield's RFPDs to Tony Pirani and Pirani Law PA, as well as responses to Hatfield's Interrogatories to Tony Pirani.

Thanks,



**Phone: (479) 249-8009**

Fax: (479) 249-8046 / Text: (833) 4-PIRANI

3000 N. Market Ave., Ste. A, Fayetteville, AR 72703

| | |
|---|---|
| **From:** | Mark Henry |
| **To:** | Martin A. Kasten |
| **Cc:** | Tony Pirani; Spence Fricke; Jerry Garner |
| **Subject:** | Ornelas, McCoy, and Nunez & Associates |
| **Date:** | Tuesday, March 7, 2023 6:38:02 PM |
| **Attachments:** | 2023-03-07 L2 Kasten re Disc Def.pdf |
| | hlflogo.png |

Martin,

Attached is a letter outlining the discovery problems with your production and disclosure. Please review and let me know a time this week we can talk on the phone prior to me contacting the Court.

Mark
_____

Mark Murphey Henry
mark@henry.us

P.O. Box 4800
Fayetteville, AR 72702
(479) 368-0555
www.henry.us

*** Please make note of our new, simplified email address!



Exhibit 4

| | |
|---|---|
| **From:** | Martin A. Kasten |
| **To:** | Mark Henry |
| **Cc:** | Tony Pirani; Spence Fricke; Jerry Garner |
| **Subject:** | RE: Ornelas, McCoy, and Nunez & Associates |
| **Date:** | Wednesday, March 8, 2023 5:55:31 PM |
| **Attachments:** | image001.png |

Mark,

I am in receipt of your letter that you sent last night.  I think it will be helpful to provide a written response before we discuss by phone, especially given the number of discovery requests in your letter.  Thus, it is my intention to get you a response within one week from today, and then we can talk thereafter.  I will be back in touch then.

Thanks.

Martin

---

**From:** Mark Henry <mark@henry.us>
**Sent:** Tuesday, March 7, 2023 6:35 PM
**To:** Martin A. Kasten <MKasten@fridayfirm.com>
**Cc:** Tony Pirani <tony@piranilaw.com>; Spence Fricke <gsfricke@barberlawfirm.com>; Jerry Garner <JGarner@barberlawfirm.com>
**Subject:** Ornelas, McCoy, and Nunez & Associates

---

**CAUTION: External Email**

---

Martin,

Attached is a letter outlining the discovery problems with your production and disclosure. Please review and let me know a time this week we can talk on the phone prior to me contacting the Court.

Mark
_____

Mark Murphey Henry
mark@henry.us

P.O. Box 4800
Fayetteville, AR 72702
(479) 368-0555
www.henry.us

*** Please make note of our new, simplified email address!

Exhibit 5

| | |
|---|---|
| **From:** | Mark Henry |
| **To:** | Martin A. Kasten |
| **Cc:** | Tony Pirani; Spence Fricke; Jerry Garner |
| **Subject:** | Re: Ornelas, McCoy, and Nunez & Associates |
| **Date:** | Wednesday, March 8, 2023 6:03:25 PM |
| **Attachments:** | hlflogo.png |

Thank you Martin,

Understanding that you set forth the objections and did not produce documents on claim of privilege, and my letter merely outlines the reasons why such privileges do not apply, I don't see much else to discuss other than to see if you are going to change your position. That is the essence of our dispute which the Court understands it will be needing to resolve. I don't see a reason to delay, but I of course will accommodate a request to delay our phone call until next Wednesday if that is what you are asking for.

Also, please update me on dates for your client's depositions. I believe each will take the full time allotted, so please identify different days for each. I prefer to begin with Arturo Nunez, then depose Cesar, and then Mike McCoy.

Mark

_____

Mark Murphey Henry
mark@henry.us

P.O. Box 4800
Fayetteville, AR 72702
(479) 368-0555
www.henry.us

*** Please make note of our new, simplified email address!



On Mar 8, 2023, at 5:55 PM, Martin A. Kasten <MKasten@fridayfirm.com> wrote:

Mark,

I am in receipt of your letter that you sent last night. I think it will be helpful to provide a written response before we discuss by phone, especially given the number of discovery requests in your letter. Thus, it is my intention to get you a response within one week from today, and then we can talk thereafter. I will be back in touch then.

Thanks.

Martin

Exhibit

| | |
|---|---|
| **From:** | Tony Pirani |
| **To:** | Mark Henry |
| **Cc:** | Kayle Osburn |
| **Bcc:** | matter+4f23890a-fcc6-45e4-88e3-9a7f8fd2c674@mailsync.practicepanther.com; matter+1c4a42d9-4cd1-4278-8381-375b8f730576@mailsync.practicepanther.com; matter+fc71ed06-9370-4b89-9f01-5e8d6c36afdf@mailsync.practicepanther.com; matter+1f8073f0-249a-41b8-86dd-19f0cfde573e@mailsync.practicepanther.com |
| **Subject:** | RE: 72PR-21-704 - Final Lien Hearing |
| **Date:** | Friday, March 17, 2023 8:18:00 AM |
| **Attachments:** | image001.png |
| | image002.png |

Good morning from me as well, Kayle.

Rather than engage in a ridiculous and obviously pointless back and forth with Mr. Henry while he continues to unethically misstate facts and misrepresent the record, please kindly note my reiterated request for a brief phone conference so that we can get this matter added to the docket promptly.

As for his information requests, as noted in his own email below, Mr. Henry and his counsel were properly dismissed from the family side of the hearings, and he thus has zero entitlement to any further information regarding that part of the case. There are no "his clients" when it comes to Hatfield, and both my clients and their actual counsel remain in full compliance with all of the Court's Orders to date.

As I said originally, I can be available any time today, and I expect it be a fairly brief call if the Judge has the time to offer. On a personal note, I am about to be out of state for the next week, which is why I was hoping to get a solid date set before too much more time passes, especially as I expect to be pretty covered up with other cases and trials upon my return and am trying to plan my schedule accordingly.

Again, will look forward to hearing back, and thank you in advance!

Best,



**Tony Pirani, Esq.**
Managing Attorney / Owner

PIRANI LAW PA

**Phone: (479) 249-8009**

Fax: (479) 249-8046 / Text: (833) 4-PIRANI

3000 N. Market Ave., Ste. A, Fayetteville, AR 72703

**From:** Mark Henry <mark@henry.us>
**Sent:** Friday, March 17, 2023 7:46 AM
**To:** Tony Pirani <tony@piranilaw.com>
**Cc:** Kayle Osburn <kosburn@washingtoncountyar.gov>
**Subject:** Re: 72PR-21-704 - Final Lien Hearing

Exhibit

Good morning Kayle,

We are happy to be on a phone call to request a two day hearing to present testimony and evidence on the priority of the contracts and can be ready in May or June.

Mr. Pirani and I can agree there were two results of the January 23 hearing: (1) JB Hunt to pay a portion of proceeds into the Court Registry for the protection of attorneys' fees, and (2) JB Hunt to pay substantial proceeds to the Kherkher Garcia Trust Account to be distributed only after the Court approves a proper division of assets.

Please let me know if there has been a hearing on the distribution of settlement proceeds to the heirs or if the Court has approved any distribution. Please also let me know if JB Hunt has paid sums into the Court Registry to protect the attorneys' fees. Mr. Hatfield no longer has a voice relative to which beneficiary should get what because his clients are now represented by Tony. Any complaints about delay in distribution money to heirs has nothing to do with Mr. Hatfield now.

The Court has only one piece of evidence relating to the lien issue - a contract for representation dated November 25, 2020 signed by the Nunez Law Firm, which is a Mexico law firm. Such contract was submitted in camera to the Court by Tony in support of his fee application. The Court ordered, at Line 123 of the July hearing, for Tony to provide all contracts to us. But in my client's federal case, we received an altogether different contract with the Kherkher Garcia law firm that POST-dates my client's lawful contract. There are several interesting issues to this lien issue, and I believe it is important to establish a good record of evidence.

Thank you,

Mark
_____

Mark Murphey Henry
mark@henry.us

P.O. Box 4800
Fayetteville, AR 72702
(479) 368-0555
www.henry.us

*** Please make note of our new, simplified email address!



On Mar 16, 2023, at 8:18 PM, Tony Pirani <tony@piranilaw.com> wrote:

Kayle,

As you might imagine, I have no idea what Mark is talking about.  Nor do I believe the Judge had any intention of setting a 2-day hearing or of delaying this matter yet another 2-3 months beyond where we already are, just shy now of a full YEAR since the wrongful death case involving the Estate was settled.  This seemingly never-ending "lien" issue has been pending since 4/6/22, and the only reason it wasn't able to be resolved with finality once and for all back at our January 23$^{rd}$hearing is because there was still no written Order from the hearing conducted last July.

As the Court will recall, that was because Mark was originally to have prepared the proposed July Orders but failed to do so.  The written Order issue has thankfully now been resolved, however, with the Judge having entered the appropriate Orders in both cases, from both last July and, now, from this January as well.  It thus remains our firm position that this long-suffering matter is more than ripe at present to be added to the docket promptly and without any further needless delay.

Accordingly, we are therefore respectfully requesting a brief conference call with the Judge to discuss this curious scheduling dispute.  I can be available any time tomorrow if the Judge can spare 10 minutes for a quick phone call.

Please let me know, and I will look forward to hearing back.  As always, thank you in advance for both your time and your consideration.

Best,

<image001.png>

---

**From:** Mark Henry <mark@henry.us>
**Sent:** Thursday, March 16, 2023 7:32 PM
**To:** Tony Pirani <tony@piranilaw.com>
**Cc:** Kayle Osburn <kosburn@washingtoncountyar.gov>
**Subject:** Re: 72PR-21-704 - Final Lien Hearing

Kayle,

We will need 2 days, and I made that clear to Tony at the last hearing. May or June would work though.

Thank you,
Mark

On Mar 16, 2023, at 6:42 PM, Tony Pirani <tony@piranilaw.com> wrote:

Hi Kayle,

As discussed with the Judge at our recent hearings, we are needing to get a date on the docket for a final hearing on the disputed attorney lien issue in this matter involving Mr. Hatfield.  I anticipate it taking no more than 2 hours at the most, and we would appreciate an early April setting if at all possible, please.  Including Mr. Hatfield's counsel for timing and scheduling purposes.  Thank you in advance for your help, and we will look forward to hearing back on potential dates.

Sincerely,

| | |
|---|---|
| **From:** | Mark Henry |
| **To:** | Tony Pirani |
| **Cc:** | Spence Fricke; Martin A. Kasten; Jerry Garner |
| **Subject:** | Re: Discovery deficiencies |
| **Date:** | Friday, March 17, 2023 11:08:24 AM |
| **Attachments:** | hlflogo.png |

Tony,

I have not heard anything from you in response to my letter of March 7. Ten days have now passed. Please let me know if you stand on all of your positions and objections as stated, even after when I called your attention to the fact of having missed the deadlines to object and thereby waiving such objections.

Mark
_____

Mark Murphey Henry
mark@henry.us

P.O. Box 4800
Fayetteville, AR 72702
(479) 368-0555
www.henry.us

\*\*\* Please make note of our new, simplified email address!



On Mar 7, 2023, at 4:27 PM, Mark Henry <mark@henry.us> wrote:

Tony,

Attached is a letter outlining the discovery problems with your production and disclosure. Please review and let me know a time this week we can talk on the phone prior to me contacting the Court.

<L2 Pirani 3-7-23.pdf>

Mark
_____

Mark Murphey Henry
mark@henry.us

P.O. Box 4800
Fayetteville, AR 72702
(479) 368-0555
www.henry.us

Exhibit 8

| | |
|---|---|
| **From:** | Tony Pirani |
| **To:** | Mark Henry |
| **Cc:** | Spence Fricke; Martin A. Kasten; Jerry Garner |
| **Bcc:** | matter+fc71ed06-9370-4b89-9f01-5e8d6c36afdf@mailsync.practicepanther.com; matter+1f8073f0-249a-41b8-86dd-19f0cfde573e@mailsync.practicepanther.com |
| **Subject:** | RE: Discovery deficiencies |
| **Date:** | Friday, March 17, 2023 7:44:00 PM |
| **Attachments:** | image001.png |
| | image002.png |

Mark,

I received neither an email nor a letter from you on the 7th as you incorrectly suggest below. Neither did any of my fellow defense counsel.  The only discovery letter any of us have seen is the one you sent to Martin on the 7th.  Nonetheless, as I have already previously explained, based on the Court's Orders regarding the same, we believe our responses to have been perfectly timely and do not accept or agree with your stated position.  We missed no deadlines, and we certainly have not waived any objections, all of which we obviously contend to be quite valid.  Hence, the reason we raised them.

That said, as you know from our correspondence earlier today regarding the probate matter (72PR-21-704), I am going to be out of state with my daughter all next week.  I would be happy to consider any additional points you may wish to make in letter form upon my return, but please be advised that I will be unable to review until the week of March 27th, at the earliest.

Thanks,



**Phone: (479) 249-8009**

Fax: (479) 249-8046 / Text: (833) 4-PIRANI

3000 N. Market Ave., Ste. A, Fayetteville, AR 72703

**From:** Mark Henry <mark@henry.us>
**Sent:** Friday, March 17, 2023 11:08 AM
**To:** Tony Pirani <tony@piranilaw.com>
**Cc:** Spence Fricke <gsfricke@barberlawfirm.com>; Martin A. Kasten <mkasten@fridayfirm.com>; Jerry Garner <JGarner@barberlawfirm.com>
**Subject:** Re: Discovery deficiencies

Tony,

I have not heard anything from you in response to my letter of March 7. Ten days have now passed. Please let me know if you stand on all of your positions and objections as stated, even after when I

| | |
|---|---|
| **From:** | Mark Henry |
| **To:** | Spence Fricke; Jerry Garner; Otto Bartsch; Tony Pirani; Martin A. Kasten |
| **Subject:** | Fwd: Discovery deficiencies |
| **Date:** | Friday, March 17, 2023 8:19:32 PM |
| **Attachments:** | L2 Pirani 3-7-23.pdf |
| | hlflogo.png |

Good evening counsel,

Tony claims he did not get the below email I sent to you and Tony. Did you receive it? Please let me know.

Mark

Begin forwarded message:

> **From:** Mark Henry <mark@henry.us>
> **Date:** March 7, 2023 at 4:27:27 PM CST
> **To:** Tony Pirani <tony@piranilaw.com>
> **Cc:** Spence Fricke <gsfricke@barberlawfirm.com>, "Martin A. Kasten" <MKasten@fridayfirm.com>, Jerry Garner <JGarner@barberlawfirm.com>
> **Subject: Discovery deficiencies**
>
>
> Tony,
>
> Attached is a letter outlining the discovery problems with your production and disclosure. Please review and let me know a time this week we can talk on the phone prior to me contacting the Court.
>
>
>
> Mark
> _____
>
> Mark Murphey Henry
> mark@henry.us
>
> P.O. Box 4800
> Fayetteville, AR 72702
> (479) 368-0555
> www.henry.us
>
> *** Please make note of our new, simplified email address!

Exhibit 10

| | |
|---|---|
| **From:** | Jerry Garner |
| **To:** | Mark Henry |
| **Cc:** | Spence Fricke; Otto Bartsch; Tony Pirani; Martin A. Kasten |
| **Subject:** | RE: Discovery deficiencies |
| **Date:** | Monday, March 20, 2023 9:06:12 AM |

Mark,

I discussed this with Spence last week and he did not receive your e-mail either.  Your e-mail seems to have our correct e-mail addresses, but we did not receive the correspondence for some reason. We did receive your e-mail to Martin however.  Did your letter have an abnormally large file size or were there other attachments?  I know that has caused delivery problems with our e-mail server in the past although I don't know that your letter would have been big enough to cause that problem.

Best,

Jerry D. Garner
ATTORNEY AT LAW

BARBER LAW FIRM
425 West Capitol Avenue, Suite 3400
Little Rock, Arkansas 72201

Direct | 501.707.6125
Company | 501.372.6175
Facsimile | 501.375.2802
E-Mail | jgarner@barberlawfirm.com

www.barberlawfirm.com

The information contained in this communication is privileged, confidential information prepared in the furtherance of the rendition of professional legal services and is not intended to be disclosed to persons other than the individual named.  If the recipient of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this message in error, please notify the sender immediately, and delete any electronic or physical copy of this message in your control or possession.

**From:** Mark Henry <mark@henry.us>
**Sent:** Monday, March 20, 2023 9:01 AM
**To:** Jerry Garner <JGarner@barberlawfirm.com>
**Cc:** Spence Fricke <gsfricke@barberlawfirm.com>; Otto Bartsch <otto@henry.us>; Tony Pirani <tony@piranilaw.com>; Martin A. Kasten <MKasten@fridayfirm.com>
**Subject:** Re: Discovery deficiencies

**Caution: This message originated outside of the organization.**

Jerry,

Please check with Spence to see if there was some error in my transmission because it very clearly is in my sent box, and the addresses are prominently listed to include Spence and Tony and Martin.

Thanks,

Exhibit 11

Mark

On Mar 20, 2023, at 8:44 AM, Jerry Garner <JGarner@barberlawfirm.com> wrote:

Mark,

Good morning.  I did not receive an e-mail from you on March 7 to Tony.  The only e-mail I got from you that day was the e-mail with your good faith letter to Martin.

Best,

Jerry D. Garner
ATTORNEY AT LAW

BARBER LAW FIRM
425 West Capitol Avenue, Suite 3400
Little Rock, Arkansas 72201

Direct | 501.707.6125
Company | 501.372.6175
Facsimile | 501.375.2802
E-Mail | jgarner@barberlawfirm.com

www.barberlawfirm.com

The information contained in this communication is privileged, confidential information prepared in the furtherance of the rendition of professional legal services and is not intended to be disclosed to persons other than the individual named.  If the recipient of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this message in error, please notify the sender immediately, and delete any electronic or physical copy of this message in your control or possession.

**From:** Mark Henry <mark@henry.us>
**Sent:** Friday, March 17, 2023 8:18 PM
**To:** Spence Fricke <gsfricke@barberlawfirm.com>; Jerry Garner <JGarner@barberlawfirm.com>; Otto Bartsch <otto@henry.us>; Tony Pirani <tony@piranilaw.com>; Martin A. Kasten <mkasten@fridayfirm.com>
**Subject:** Fwd: Discovery deficiencies

**Caution: This message originated outside of the organization.**

Good evening counsel,

Tony claims he did not get the below email I sent to you and Tony. Did you receive it? Please let me know.

Mark

| | |
|---|---|
| **From:** | Tony Pirani |
| **To:** | Jerry Garner; Mark Henry; Spence Fricke; Otto Bartsch; Martin A. Kasten |
| **Bcc:** | matter+fc71ed06-9370-4b89-9f01-5e8d6c36afdf@mailsync.practicepanther.com; matter+1f8073f0-249a-41b8-86dd-19f0cfde573e@mailsync.practicepanther.com |
| **Subject:** | RE: Discovery deficiencies |
| **Date:** | Tuesday, March 28, 2023 11:46:00 AM |
| **Attachments:** | image002.png |
| | image003.png |

Mark,

Thank you for your letter.  I was out of town yesterday for court on a homicide case, have depos today, and will be in trial tomorrow, but I will review by the end of the week and can respond accordingly next week.  As Martin requested previously, I would appreciate an opportunity to provide a written response first and would then be happy to visit directly by phone or over Zoom regarding the same.

Thanks,



**Tony Pirani, Esq.**
Managing Attorney / Owner

**PIRANI LAW PA**

**Phone: (479) 249-8009**

Fax: (479) 249-8046 / Text: (833) 4-PIRANI

3000 N. Market Ave., Ste. A, Fayetteville, AR 72703

**From:** Jerry Garner <JGarner@barberlawfirm.com>
**Sent:** Monday, March 20, 2023 8:45 AM
**To:** Mark Henry <mark@henry.us>; Spence Fricke <gsfricke@barberlawfirm.com>; Otto Bartsch <otto@henry.us>; Tony Pirani <tony@piranilaw.com>; Martin A. Kasten <mkasten@fridayfirm.com>
**Subject:** RE: Discovery deficiencies

Mark,

Good morning.  I did not receive an e-mail from you on March 7 to Tony.  The only e-mail I got from you that day was the e-mail with your good faith letter to Martin.

Best,

Jerry D. Garner
ATTORNEY AT LAW

BARBER LAW FIRM
425 West Capitol Avenue, Suite 3400
Little Rock, Arkansas 72201

Direct | 501.707.6125
Company | 501.372.6175

Exhibit 1

| | |
|---|---|
| **From:** | Spence Fricke |
| **To:** | Mark Henry |
| **Cc:** | Jerry Garner; Martin A. Kasten; Tony Pirani; De"Shae Holloway |
| **Subject:** | Hatfield |
| **Date:** | Tuesday, January 24, 2023 5:08:56 PM |
| **Attachments:** | Stipulated Protective Order-draft.docx |

Mark--I'm attaching language for a draft protective order which all defense counsel have approved. Please look it over and let me know if you have any questions. If you're good with it,  I will turn it into an actual order for all of us to approve and to submit to the court.

Also, on behalf of all defense counsel, please send us some dates convenient for you and your client for the taking of Mr. Hatfield's deposition. We would like to schedule the deposition to occur sometime in the latter part of March to early part of April.

I look forward to hearing from you.

G. Spence Fricke
ATTORNEY AT LAW

BARBER LAW FIRM PLLC
425 West Capitol Ave.
Suite 3400
Little Rock, Arkansas 72201

Cell | 501.680.2556
Company | 501.372.6175
Facsimile | 501.375.2802

www.barberlawfirm.com

Exhibit 13

| From: | Mark Henry |
|---|---|
| To: | Spence Fricke |
| Cc: | Tony Pirani; Martin A. Kasten |
| Subject: | Re: Hatfield |
| Date: | Thursday, February 16, 2023 7:19:30 PM |

Spence,

I don't understand the purpose of your email.  It appears to be written to establish an incorrect narrative that I am  have ignored you.  I have communicated with you and all counsel on your side of the ledger on many occasions.

Relative to the deposition of my client, how can we set that when your client has not responded to any discovery? Do you not believe it fair for us to understand your client's version of the events or at least see something beyond objections from the defendants?

You may have reviewed or even assisted in Mr. Pirani's responses to discovery which constitute blanket objections and he produced only a few documents.

Likewise you saw me invite his understanding of the date calculation, too.

If April is when you want my client to sit for a deposition, please let me know when you will have substantive responses to my discovery.

Regarding the protective order, I can get you my comments, but again since the entire defense ledger has stalled on producing anything I don't see the rush.

Do you have documents you are ready to produce and would do so but for the entry of a protective order? I am skeptical.

Have a good evening and — you are free and welcome to speak on the phone with me too!

Mark


> On Feb 16, 2023, at 5:50 PM, Spence Fricke <gsfricke@barberlawfirm.com> wrote:
>
>
>
> Mark--by my count, this is the third time I have asked you on behalf of defense counsel to provide us with convenient dates for your client's deposition. Unless I have missed something, and I can do that, you have given no response at all to any of my requests. If there's something we need to discuss that's causing you not to respond, just let me know. Otherwise, I again ask that you promptly provide us with convenient dates for your client's deposition. We would like to focus on the first half of April.
>
> I look forward to hearing from you.

Exhibit 14

G. Spence Fricke
ATTORNEY AT LAW

BARBER LAW FIRM PLLC
425 West Capitol Ave.
Suite 3400
Little Rock, Arkansas 72201

Cell | 501.680.2556
Company | 501.372.6175
Facsimile | 501.375.2802

www.barberlawfirm.com