UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JASON M. HATFIELD, P.A.                                                                                   PLAINTIFF

No. 5:22-cv-05110

CESAR ORNELAS, et al.                                                                            DEFENDANTS

## OPINION AND ORDER

Before the Court is the parties' joint motion for entry of a protective order (Doc. 134) and proposed protective order (Doc. 134-1). For the reasons set forth below, the Court will GRANT the motion and enter the protective order as stipulated.

Federal Rule of Civil Procedure 26(c)(1) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." "The burden is therefore upon the movant to show the necessity of its issuance, which contemplates 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973) (quoting Wright & Miller, *Federal Practice & Procedure: Civil* § 2035 at 264–65).

The proposed protective order is broadly worded to include any material that a producing party "reasonably and in good faith believes constitutes sensitive and protected information under applicable statutory and common law." (Doc. 134-1, p. 2). However, as this case involves hotly contested issues of privilege and confidentiality, the Court understands why the parties may have declined to commit to more specific parameters for this protective order. The stipulated order contains a mechanism by which the parties may challenge the designation of documents as

confidential. (Doc. 134-1, p. 4). In such a case, the designating party will bear the burden of showing the necessity of the designation as though they were asking for a protective order in the first instance. *Id.* Because the parties have vigorously litigated many disclosure-adjacent issues in this case, the Court feels that this mechanism will ensure that only information of a confidential nature is so designated. Accordingly, the Court will adopt the order as stipulated.[1]

IT IS THEREFORE ORDERED:

1. This Protective Order shall apply to and govern all documents or materials designated as confidential and produced in the instant case (the "Litigation") between the current parties and any additional parties hereafter served with summons or entering an appearance herein ("Party" or "Parties"), including information produced in electronic format; any derivative, compilation or summary of any documents; and the information therein. Unless otherwise specified in this Protective Order, the following documents and information are *not* considered confidential:

    a. Those already of public record at the time this Protective Order was entered;

    b. Those obtainable from independent third parties and not subject to contractual obligations to maintain such information as confidential;

    c. Those voluntarily, but not inadvertently, disclosed or released by any Party; and

    d. Those obtained by means other than discovery in the Litigation.

2. Any summary, compilation, notes, copy, electronic image, or database containing confidential information shall be subject to the terms of this Protective Order to the same extent as the material or information from which such summary, compilation, notes, copy,

---

[1] The Court has made some minor edits for grammar and readability. These are not intended to affect the substance of the order as it exists in Doc. 134-1.

electronic image, or database is made or derived.

3. Any Party to this Litigation who produces or supplies documents, tangible items, or access to its internal conditions or practices for recording, for use in this Litigation, in the course of discovery ("Designating Party") may designate as "CONFIDENTIAL" any such material that the Designating Party reasonably and in good faith believes constitutes sensitive and protected information under applicable statutory or common law. The good-faith obligation is intended to prevent over-designation of documents as confidential.

4. Nothing in this Protective Order shall be construed as a waiver by any Party of the right to assert a timely, good-faith, and reasonable objection to production of certain information on the basis that the information sought is confidential under applicable statutory or common law.

5. Documents, information, or tangible items which a Party does produce, either voluntarily or by Court order, and which the Party believes reasonably and in good faith are confidential, shall be designated as confidential by marking "CONFIDENTIAL" on the face of the original or photocopy of the document, information, or tangible item ("tangible item" includes a CD or other electronic form of information) being produced, and upon each page so designated, if practicable. Should it not be possible to mark each page of the document as otherwise specified in this paragraph, the document shall be designated as confidential by some other means understood by and agreed upon by the Parties.

6. Documents and information designated as confidential pursuant to this Protective Order shall not be furnished or disclosed to any person except as provided herein and shall be used solely for the purposes of this Litigation and not for any business or other purpose.

7. Material designated as confidential shall be disclosed only to the following persons:

    a. This Court and its personnel;

    b. Counsel of record in this Litigation and their respective clients and client representatives;

    c. Other attorneys employed by the Parties, employees of the counsel's law firms, and vendors, to the extent necessary to render professional services in the Litigation; provided that, prior to disclosure, counsel of record have advised such other attorneys and employees of their obligations under this Protective Order;

    d. Any consultant, investigator, or independent expert (collectively, "Expert") who is assisting in the preparation or trial of this Litigation, but only to the extent reasonably necessary to enable such Expert to render such assistance;

    e. Persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary to prepare to testify;

    f. Court reporters retained for depositions, hearings, or other events in the Litigation; and

    g. Outside copying or digitizing services.

8. Where any documents designated as confidential are included as exhibits to any pleadings, motions, briefs, papers, documents, or depositions filed with the Court, unless expressly waived or excused by the Designating Party, such materials shall be designated with the Court's ECF as "CONFIDENTIAL – Subject to Court Protective Order." The materials shall be held under seal in accordance with the local rules and practices of this Court.

9. If any document or information designated as confidential pursuant to this Protective Order is used or shown to a witness during a deposition, the portion of the deposition

transcript reflecting the colloquy detailing the contents of such document or information, may also be designated as confidential, as well as any portion of the transcript that otherwise contains confidential information, regardless of whether discussed in tandem with a document. Those portions of the deposition transcript so designated and any confidential documents marked as exhibits to the deposition shall be treated as confidential unless the parties cannot agree as to the confidentiality of such material, in which case the dispute shall be resolved pursuant to Rule 26.

10. Any Party may, at any time after production of information designated confidential under this Protective Order, object to its designation by notifying the Designating Party in writing of that objection and specifying the designated material to which the objection is made. The Parties shall confer concerning the objection. If the objection is not resolved, the challenging Party shall, within ten (10) days of the parties confirming that they are unable to resolve the objection, file and serve a motion to resolve the dispute pursuant to Rule 26. The Designating Party shall bear the burden of proof on the issue that such information was deserving of the "confidential" designation consistent with the standards of Rule 26, as though the designating party sought a protective order.

11. The inadvertent or unintentional failure to designate any information confidential pursuant to this Protective Order, or to assert a claim of privilege or work product immunity, shall not act as a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding, so long as such claim is asserted within fourteen (14) days of the discovery of the inadvertent or unintentional failure to so designate. At such time, arrangements shall be made for the designating Party to substitute properly labeled copies or, in the case of inadvertently produced privileged or

work product documents, the documents shall be returned forthwith to the Party claiming privilege or work product immunity, unless the Party possessing the documents in good faith disputes the claim that disclosure was inadvertent or that the claim is valid, in which case the Parties shall present their dispute to the Court through proper motions and briefs. This Protective Order shall be interpreted to provide the maximum protection allowed under Federal Rule of Evidence 502.

12. This Protective Order shall not prevent any of the Parties from moving this Court for an order that information designated as confidential may be disclosed other than in accordance with this Protective Order.  Any Party may seek modification of this Protective Order from the Court at any time.

13. Nothing contained in this Protective Order and no action taken pursuant to it shall prejudice the right of any Party to contest the alleged relevancy, admissibility, or discoverability of the confidential documents and information sought.

14. This Protective Order is not intended to govern the use of confidential information at trial. Questions regarding the protection of confidential information during trial will be presented to the Court prior to or during the trial, as needed.

15. This Protective Order will not terminate at the conclusion of the Litigation.  At the end of the period prescribed for retention of records by a Party, which is currently sixty (60) days, confidential documents that were produced by a Party to the Litigation during discovery, including any copy thereof, shall be destroyed and the same certified to the Designating Party's counsel.  As a sole limited exception to this, copies of attorney work product, deposition transcripts/exhibits, filed documents, and similar materials that refer to or attach copies of designated materials may be retained, consistent with counsel's

respective document retention policies.

16. Neither the termination of this Litigation nor the termination of employment of any person who has access to confidential information shall relieve any such person from the obligation of maintaining both the confidentiality and the restrictions on use of any information disclosed pursuant to this Protective Order.

IT IS SO ORDERED this 24th day of April, 2023.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE