UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JASON M. HATFIELD, P.A.     PLAINTIFF

v.      No. 5:22-cv-5110

CESAR ORNELAS, et al.      DEFENDANTS

## OPINION AND ORDER

Before the Court is Defendants Michael McCoy, Nunez & Associates, and Cesar Ornelas' ("Nunez Defendants") motion (Doc. 145) for a protective order to stay enforcement of Plaintiff's subpoenas duces tecum, as well as their memorandum brief (Doc. 146) in support. Plaintiff Jason M. Hatfield, P.A. ("Hatfield") has filed a response in opposition. (Doc. 147). For the reasons stated below, the motion for a protective order will be GRANTED IN PART AND DENIED IN PART.

On May 18, 2023, Hatfield issued nine subpoenas to nonparties. (Doc. 145, p. 2). Those subpoenas were directed to Ornelas' ex-wife and CPA as well as various law firms with which the Nunez Defendants did business. *Id.* at 2–3. The Nunez Defendants argue that the subpoena of Ms. Ornelas is overbroad, unduly burdensome, and violates the confidential marital communications privilege; that the subpoena of the CPA violates the Court's previous ruling as to tax records and calls for irrelevant material; and that the subpoenas to the law firms are overbroad, cumulative, and violate the attorney-client privilege. They also argue that the time period for production was too short.

As to the claims of overbreadth, relevance, cumulativeness, undue burden, and insufficient time for production, the Court finds that the Nunez Defendants lack standing for the entry of a protective order. There is a split of authority as to when a party can object to a third-party subpoena. *See* 9A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND

1

PROCEDURE § 2463.1 n.7 (3d ed. April 2023) (collecting cases).  The majority rule is that motions to quash or modify subpoenas, or for protective orders governing subpoenas, must be made by the person subpoenaed unless the objecting party has a personal right or privilege regarding the subpoena's subject matter.  *Id.*  Other district courts in this Circuit have adopted this general rule.  *See Colonial Funding Network, Inc. v. Genuine Builders, Inc.*, 326 F.R.D. 206, 212 (D.S.D. 2018); *Shukh v. Seagate Tech.*, 295 F.R.D. 228, 235 (D. Minn. 2013);[1] *Gatewood v. Stone Container Corp.*, 170 F.R.D. 455, 460 (S.D. Iowa 1996).  This Court follows the majority and holds that the Nunez Defendants have standing to request a protective order only insofar as the subject matter implicates their personal rights and privileges.

The Nunez Defendants have stated three objections which bear on their rights or privileges: spousal privilege, the privacy interest in tax records, and attorney-client privilege.  Regarding attorney-client privilege, the Nunez Defendants have the burden to demonstrate that Hatfield's document requests "necessarily entail the disclosure of privileged information."  *Stock v. Integrated Health Plan, Inc.*, 241 F.R.D. 618, 622 (S.D. Ill. 2007) (citing *Matter of Walsh*, 623 F.2d 489, 493 (7th Cir. 1980)).  However, the Nunez Defendants have not made this showing. Besides attorney employment contracts, which this Court has previously held are presumptively nonprivileged, subpoenas to the law firms specifically request only "**nonprivileged**" communications and documents.  (Docs. 145-3–145-9 (emphasis in originals)).[2]  Therefore,

---

[1] *Shukh* holds that there is a distinction between a motion to quash and a motion for a protective order in this context, such that a party has standing to bring a protective order even if the general rule forbids them from moving to quash or modify the subpoena.  *Shukh*, 295 F.R.D. at 236.  However, the Court does not find this distinction persuasive in this case, where the requested protective order applies only to the subpoenas and effectively substitutes for a motion to quash or modify them.

[2] The Court trusts that the subpoenaed law firms possess the necessary knowledge of privilege rules to identify and withhold any privileged documents without the Nunez Defendants' aid.

2

because the requests as worded do not necessarily entail the disclosure of privileged information, the Nunez Defendants' objection on this ground fails.

Similarly, to invoke spousal privilege, Ornelas must show "that the communications must have been made in confidence." *Jimenez v. Amgen Mfg. Ltd.*, 692 F. Supp. 2d 219, 222 (D.P.R. 2010) (citing *Pereira v. United States*, 347 U.S. 1, 6 (1954)). However, the Nunez Defendants have not made this showing, either. The subpoena to Ms. Ornelas asks for "Documents and Communications to, with, from, or relating to" various individuals and entities, including Ornelas. (Doc. 145-1, pp. 4–5). However, the Nunez Defendants have not shown that any of the requested discovery *must* have been confidential communications between the Ornelases. Perhaps Ornelas was a private person who did not confide in his wife, or perhaps all confidential talks between the couple were purely verbal. Therefore, because there is no showing that any of the documents requested are communications which "must have been made in confidence," this objection must also fail.

As to the tax documents, Hatfield states that the CPA has already responded to the subpoena. (Doc. 147, p. 8). Accordingly, the motion to stay is moot as to these documents.

If any documents produced invade the Nunez Defendants' privilege, the Nunez Defendants have recourse under Federal Rule of Civil Procedure 45(e)(1)(B), which allows for the return, sequestration, or destruction of privileged material produced in response to a subpoena. Because the Court has ruled that the Nunez Defendants' tax returns are confidential, the Court will order that the parties use the procedures of Rule 45(e)(1)(B) to assert and determine the confidential nature of any tax returns or related documents which were produced.[3]

---

[3] While Rule 45(e)(1)(B) by its terms does not apply to confidential or private information which is not privileged, the Court finds that the procedure detailed in that Rule is the most

3

IT IS THEREFORE ORDERED that the motion to stay the subpoenas is DENIED.  The motion for a protective order is DENIED as to all documents except for tax returns and documents involved in their preparation, whose use may be challenged under the procedures of Federal Rule of Civil Procedure 45(e)(1)(B).

IT IS SO ORDERED this 7th day of June, 2023.

/s/P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE

---

appropriate means of addressing any private documents which have already been produced pursuant to this subpoena.