IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**JASON M. HATFIELD, P.A.**                          **PLAINTIFF**

VS.            NO. 5:22-CV-05110-PKH

**MICHAEL MCCOY, et al.**                          **DEFENDANTS**

## NUNEZ DEFENDANTS' BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

### I. Introduction

The Nunez Defendants are entitled to summary judgment for the reasons articulated in the Kherker Defendants' motion for summary judgment, statement of undisputed material facts, and brief in support. Dkt. Nos. 283, 284, and 285. The Nunez Defendants expressly incorporate by reference each of those filings under Fed. R. Civ. P. 10(c). The Nunez Defendants write separately to address additional grounds on which they are entitled to summary judgment.

There is no record evidence to sustain Plaintiff's fraud claim against the Nunez Defendants. Accordingly, to the extent Plaintiff's civil conspiracy claims and declaratory judgment claims are premised on alleged fraud by the Nunez Defendants, the Nunez Defendants are entitled to judgment as a matter of law on those claims, which the Court should dismiss with prejudice. Additionally, the Court should dismiss those, and all other remaining claims against the Nunez Defendants for the reasons set out in the summary judgment filings of the Kherker defendants which are incorporated herein.

3021066-v1

## II. Standard of Review

The court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may show that a fact cannot be genuinely disputed by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for the purposes of the motion only), admissions, interrogatory answers or other materials[.]" Fed. R. Civ. P. 56(c)(1).

"There are five elements to the tort of fraud, misrepresentation or, deceit: (1) a false representation of material fact; 2) knowledge that the representation is false, or that there is insufficient evidence upon which to make the representation; 3) intent to induce action or inaction on reliance upon the representation; 4) justifiable reliance upon the representation; and 5) damage suffered as a result of the reliance." *Rosser v. Columbia Mut. Ins. Co.*, 55 Ark. App. 77, 928 S.W.2d 813, 815 (1996) (citing *Wheeler Motor Co. v. Roth*, 215 Ark. 318, 867 S.W.2d 446 (1993)).

To prove a civil conspiracy, a plaintiff must show that two or more persons "conspired to commit an underlying tort to which civil conspiracy attached." *KBX, Inc. v. Zero Grade Farms*, 2022 Ark. 42, *19, 639 S.W.3d 352, 364. "[I]n the absence of an agreement to commit an underlying intentional tort, we hold that substantial evidence did not support the jury's verdict [for civil] conspiracy." *Id.*

### III.   Argument

Count Nine of Plaintiff's third amended complaint facially alleges fraud claims only against separate defendants Kherker, Garcia, Haynes, Kherker Garcia, Pirani, and Pirani Law. *Id.*, at 83. Thus, Plaintiff does not expressly plead a fraud claim against any of the Nunez Defendants under Count Nine. This is certainly appropriate because there is no record evidence to sustain such a claim.

However, Count Ten and Count Twelve of Plaintiff's third amended complaint suggest certain of Plaintiff's fraud claims are intended to extend to the Nunez Defendants. To the extent that Plaintiff is alleging any fraud claim against the Nunez Defendants, even if only impliedly, any such claim should be dismissed as a matter of law. Plaintiff fails to meet the statutory elements of fraud under Arkansas law. And Plaintiff fails to meet Fed. R. Civ. P. 9(b), which requires heightened pleading standards for fraud claims.

The first requisite element of the tort of fraud, misrepresentation, or deceit is "a false representation of material fact." *Rosser*, 928 S.W.2d, at 815. In his deposition testimony, Plaintiff's principal attorney Jason M. Hatfield admitted there were "no communications" between any of the Nunez Defendants and Plaintiff. Ex. 1, Hatfield Depo., at p. 190, l. 16-25. Because there have been no communications between any of the Nunez Defendants and Plaintiff, there could be no "false representation of material fact" to sustain a fraud claim. Plaintiff cannot undertake action or inaction prompted by a non-existent statement. And Plaintiff cannot sustain damages caused by non-existent reliance on a non-existent statement.

Count Ten of Plaintiff's third amended complaint alleges "civil conspiracy" against each of the Nunez Defendants. Plaintiff claims it "has alleged all of the elements necessary to obtain a verdict against defendants on the underlying claim of fraud as fully set forth above." Dkt. No. 253, at ¶ 547. But again, because Plaintiff's own principal attorney admits that there were "no communications" between any of the Nunez Defendants and Plaintiff, there is no genuine issue of material fact regarding "the underlying claim of fraud" with respect to the Nunez Defendants. To the contrary, the Nunez Defendants are entitled to judgment as a matter of law on Count Ten insofar as Plaintiff alleges a civil conspiracy premised on an agreement by Nunez Defendants to commit "the underlying claim of fraud." And the Nunez Defendants are also entitled to dismissal under Count Ten as a matter of law for the reasons outlined by the Kherker Defendants' brief in support of their motion for summary judgment, which are incorporated by reference herein.

Count Twelve of Plaintiff's third amended complaint fails for the same reasons. Count Twelve alleges Plaintiff is entitled to "Declarative Relief Voiding the purported November 25, 2020 Attorney Employment Contract against Nunez & Associates." Dkt. No. 253, at 86. In support of this claim, Plaintiff contends "fraud vitiates everything it touches." Dkt. No. 253 at ¶ 555 (citing *Henry v. Mitchell*, 2013 Ark. 246, at 8, 428 S.W.3d 454, 460). Thus, Plaintiff's Count Twelve attempts to present a fraud claim against Nunez & Associates, even if only impliedly and therefore in contravention of Fed. R. Civ. P. 9(b).

The *Henry* case is off-point. The defendants in the *Henry* case admitted they had made representations of fact to the plaintiff, but they claimed their evidently false representations were merely "innocent misrepresentations." Here again, Plaintiff admits there were no statements of any kind from any of the Nunez Defendants to Plaintiff. Thus, Plaintiff could not have undertaken any action or inaction in reliance upon a non-existent statement. And Plaintiff could not sustain any damage as a result of reliance upon a non-existent statement.

Additionally, Plaintiff has no standing to allege claims sounding in fraud on behalf of other persons. As part of Count Twelve, Plaintiff appears to attempt to plead on behalf of "potential representatives of the Mejia and Recinos estates." Plaintiff cannot plead a fraud claim on behalf of a third-party. Rather, a validly pleaded fraud claim must arise from false representations of material fact made ***by a defendant to the plaintiff***. *See Muccio v. Hunt*, 2014 Ark. 35, **5. Plaintiff has no standing to bring claims on behalf of other individuals who have not authorized such claims. Rather, any action "must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1).

Finally, Fed. R. Civ. P. 9(b) requires heightened pleading standards for fraud allegations. "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Plaintiff has plainly not pleaded particularized facts sufficient to state a claim for fraud against the Nunez Defendants. Because Plaintiff's claims under Counts Ten and Twelve depend on underlying fraud allegations against the Nunez Defendants, Plaintiff's failure to

5

plead the circumstances constituting fraud with particularity means that Counts Ten and Twelve must fail as a matter of law pursuant to Fed. R. Civ. P. 9(b).

## IV. Conclusion

There is no genuine issue of material fact in this case. For the reasons articulated by the Kherker Defendants, as well as these additional grounds articulated by the Nunez Defendants, the Nunez Defendants are entitled to summary judgment under Fed. R. Civ. P. 56, and the dismissal of plaintiff's third amended complaint with prejudice.

    Edwin L. Lowther, Jr. (81107)
    Scott A. Irby (99192)
    Alexander T. Jones (2015246)
    WRIGHT, LINDSEY & JENNINGS LLP
    200 West Capitol Avenue, Suite 2300
    Little Rock, Arkansas 72201-3699
    PH:   (501) 371-0808
    FAX:  (501) 376-9442
    E-MAIL: elowther@wlj.com; sirby@wlj.com
           ajones@wlj.com

    *Attorneys for Cesar Ornelas, Michael McCoy, and Nunez & Associates*