IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JASON M. HATFIELD, P.A.                                                    PLAINTIFF

V.                                          CASE NO. 5:22-CV-5110

TONY PIRANI and PIRANI LAW, PA                                    DEFENDANTS

## OPINION AND ORDER

The trial of this case is set to begin on Monday, July 21, 2025. A pretrial conference was held on Friday, July 11, 2025, during which oral argument was received on a variety of pending motions. The Court issued many rulings from the bench, some of which will be memorialized in this written Opinion and Order. To whatever extent there may be any conflict between the rulings contained in this written Order and the Court's statements made from the bench during the July 11 pretrial hearing, this written Order controls.

First, with respect to Plaintiff Jason M. Hatfield, P.A.'s Motion to Strike (Doc. 399)—that Motion is **GRANTED IN PART**, for the reasons stated from the bench during the July 11 pretrial hearing. Defendant Tony Pirani admitted to using artificial intelligence to draft the Motions in Limine that he electronically signed and filed at Docs. 397 and 398, and conceded that these materials contained citations to nonexistent cases and quotations of nonexistent passages. This is an obvious and flagrant violation of Rule 11(b)(2)'s requirement that attorneys certify that they undertake a reasonable inquiry to ensure that their written filings contain legal contentions that "are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." *See* Fed. R. Civ. P. 11(b)(2). "A fake opinion is not 'existing law'

1

and citation to a fake opinion does not provide a non-frivolous ground for extending, modifying, or reversing existing law, or for establishing new law. An attempt to persuade a court or oppose an adversary by relying on fake opinions is an abuse of the adversary system." *Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 461 (S.D.N.Y. 2023). The Court will exercise its inherent authority to **STRIKE** the offending filings (Docs. 397 and 398), given their flagrant violation of the rules of the Court. *See, e.g.*, *Buergofol GmbH v. Omega Liner Co., Inc.*, 2024 WL 3521802, at *2 (D.S.D. July 24, 2024); *LaLoup v. United States*, 92 F. Supp. 3d 340, 354 (E.D. Penn. 2015). After the trial of this matter has concluded, the Court will enter a separate order setting a schedule for Mr. Pirani to show cause why further sanctions should not be imposed, including monetary sanctions and referral to the Arkansas Judiciary's Office of Professional Conduct.

Next, with respect to Mr. Hatfield's Motion for Sanctions and Fees (Doc. 396)—that Motion is also **GRANTED IN PART**, for the reasons stated from the bench during the July 11 pretrial hearing. Mr. Pirani apparently failed to engage in any conferral whatsoever with opposing counsel regarding jury instructions and factual stipulations, and did not engage in any substantive conferral with opposing counsel regarding deposition designations, despite the Second Amended Case Management Order's express requirement that the parties confer on all these matters. *See* Doc. 384, §§ 7–8, 10. This significantly increased the workload for Plaintiff's counsel in liminal motion practice, which correspondingly resulted in a significant increase in this Court's own workload before, during, and after the July 11 pretrial hearing. Mr. Hatfield will be awarded a reasonable attorney's fee for this unnecessary burden, the amount of which will be determined at a later date after the trial of this matter has concluded. However, the Court will not strike

2

Mr. Pirani's cross-deposition designations as a sanction for his failure to confer, as this sanction could impair his ability to present an effective defense at trial and would thus be disproportionate to the harm caused.

Finally, with respect to Mr. Hatfield's Motion in Limine (Doc. 391)—that Motion is **GRANTED IN PART AND DENIED IN PART**, for the reasons stated from the bench during the July 11 pretrial hearing. That Motion identified thirty-one separately-numbered types or categories of evidence that Mr. Hatfield sought to exclude. The Court notes that, given the law of the case in this matter, there are some types of evidence that may not be admissible for the purpose of arguing that the Nunez Contract was valid or that Mr. Hatfield's lien was invalid, but that may be admissible for the purpose of arguing that Mr. Pirani *believed* at the relevant times that the Nunez Contract was valid or that Mr. Hatfield's lien was invalid. *See, e.g.*, Doc. 383, pp. 3, 8–10. For that reason, the Court must defer ruling on the admissibility of some of the items discussed in Mr. Hatfield's Motion and, depending on the circumstances under which their introduction is ultimately sought, might admit them with a limiting instruction given to the jury regarding the purposes for which they may and may not be considered. With those observations made, the Court will now very briefly memorialize here the rulings it made from the bench during the July 11 pretrial hearing as to each separately-numbered paragraph in Mr. Hatfield's Motion:

(1) Granted, with the caveat that this ruling does not prevent Mr. Pirani from presenting evidence or argument regarding his state of mind;

(2) Deferred ruling, subject to pretrial briefing that the parties will submit on the topic of the settlement agreement;

(3)     Granted;

(4)     Deferred ruling, but Mr. Pirani may not mention his discussions with Mark Henry or any recordings made thereof during his opening statement nor during trial without first approaching the bench and seeking permission to do so outside the hearing of the jury;

(5)     Granted;

(6)     Deferred ruling, with the caveat mentioned above regarding law of the case and permissible and impermissible uses;

(7)     Granted, in that Mr. Pirani may not present evidence that he has never previously engaged in the conduct of which he is accused here for the purpose of proving he lacked the propensity to engage in the conduct of which he is accused here;

(8)     Denied;

(9)     Deferred ruling, subject to pretrial briefing that the parties will submit on the topic of the settlement agreement;

(10)    Granted;

(11)    Deferred ruling, with the caveat mentioned above regarding law of the case and permissible and impermissible uses;

(12)    Granted, with respect to Ms. Vital's affidavit; deferred ruling with respect to the relevance of Ms. Vital's notes;

(13)    Granted;

(14)    Granted;

(15)    Granted;

(16)    Granted;

(17)    Granted;

(18)    Granted;

(19)    Granted as to documentary evidence, though Mr. Pirani may cross-examine Mr. Banks regarding whether he was intoxicated at the time of the crash;

(20)    Granted;

(21)    Granted;

(22)    Deferred ruling, with the caveat mentioned above regarding law of the case and permissible and impermissible uses;

(23)    Granted;

(24)    Deferred ruling with respect to relevance;

(25)    Granted;

(26)    Granted;

(27)    Granted;

(28)    Granted;

(29)    Granted;

(30)    Granted;

(31)    Granted, with the caveat mentioned above regarding law of the case and permissible and impermissible uses.

**IT IS THEREFORE ORDERED** that:

- Plaintiff Jason M. Hatfield, P.A.'s Motion in Limine (Doc. 391) is **GRANTED IN PART AND DENIED IN PART**;

- Plaintiff's Motion for Sanctions and Fees (Doc. 396) is **GRANTED IN PART**, with the particular sanctions to be determined on a later date;

- Plaintiff's Motion to Strike (Doc. 399) is **GRANTED IN PART**, with further sanctions to be determined on a later date; and

- Defendants Tony Pirani's and Pirani Law, PA's Motions in Limine (Docs. 397 and 398) are **STRICKEN**.

  **IT IS SO ORDERED** on this 16th day of July, 2025.

  _____
  TIMOTHY L. BROOKS
  UNITED STATES DISTRICT JUDGE