IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| Jason M. Hatfield, P.A., <br>    *Plaintiff* <br><br> v. <br><br> Tony Pirani and Pirani Law PA, <br>    *Defendants.* | Case No. 5:22-cv-05110-TLB |

# Opposition to Untimely Motion for JMOL

Once more, Pirani's submission is untimely. His repeated failure to meet procedural deadlines reflects not only a lack of diligence, but also the weakness of his post-trial efforts.

The Court could not have been more explicit. It *italicized*, **bolded**, and <u>underlined</u> the word "timely" in its prior instruction—yet Pirani baldly disregarded it. Such repeated noncompliance should not be tolerated.

> "If Pirani wishes to preserve these issues for appeal, then he will need to do so in a ***<u>timely</u>*** filed motion under Rule 50(b) of the Federal Rules of Civil Procedure."

[ECF No. 440] at 4.

In brief response to such untimely motion, Hatfield states:

1. Hatfield stands on the prior briefing regarding the proper measure of damages, which reflects and respects the jury's careful deliberation. Pirani's untimely and procedurally defective attempts to revisit the damages calculation should be rejected.

2. Pirani next broadly claims that there is no evidence showing his commission of multiple predicate acts of wire or mail fraud. The record says otherwise. Plaintiff's Exhibits 14, 29, 30, 32, and 86 consist of contracts sent and executed via wire or mail between Pirani and his co-conspirators—many of which Pirani personally signed. Additional exhibits—Nos. 49, 50, 79, 87, 117, 121–124, and 130–136—further document Pirani's direct and repeated involvement in multistate wire and mail communications. These include interstate checks, payments, emails, court filings, and other online communications tied to his direct participation in the RICO scheme. The evidence of Pirani's predicate acts is extensive and compelling. Hatfield also incorporates the detailed arguments previously set forth in [ECF No. 401].

3. Pirani vaguely challenges the testimony of two experts. [ECF No. 445] at ¶ 9. However, he made no contemporaneous objections at trial to the testimony he now criticizes. Even now, he fails to explain why any evidentiary ruling by the Court was incorrect. Dr. Ralph Scott's testimony was proper in all respects. Pirani neither objected at the time nor developed any basis for exclusion. Any objections are therefore waived. The same is true for Mr. John Everett's testimony, which was not only proper—it was, in large part, elicited by Pirani himself. Pirani invited and prolonged testimony that unquestionably harmed his own case. Having failed to object and having opened the door to much of the most damning testimony, Pirani cannot now complain.

4. Pirani next contends he is immune from damages due to a lack of contractual privity with Hatfield. But this argument ignores the clear exception under Arkansas law for intentional fraud. As detailed in Hatfield's prior briefing, Ark. Code Ann. § 16-22-310

does not bar recovery where intentional fraud is at issue. Hatfield incorporates by reference the argument set forth at [ECF No. 411] at 2–5. Pirani's privity defense is legally inapplicable.

5. Pirani argues that civil conspiracy is not actionable in Arkansas without proof of an underlying tort. That is correct as a general principle—but he fails to acknowledge that the jury found precisely that. The verdict form required Hatfield to prove an underlying tort in support of the civil conspiracy claim, and the jury did so. Pirani's argument disregards both Arkansas law and the record in this case.

> That Mr. Hatfield has either proved all of the essential elements necessary to obtain a verdict against Steven Kherkher, Jesus Garcia, Kevin Haynes, or Kherkher Garcia, LLP on an underlying claim of fraud; or proved all of the essential elements necessary to obtain a verdict against Cesar Ornelas, Nunez & Associates, Steven Kherkher, Jesus Garcia, Kherkher Garcia, LLP, or Noe Jesus Mancia Polanco on an underlying claim of tortious interference with a contract or business expectancy?
>
> (To which the jury unanimously answered) <u>YES.</u>

[ECF No. 429] at 4.

6. Pirani also seeks a new trial under Rule 59 based on "newly discovered evidence," but the only evidence he identifies is an email he himself authored. By definition, an email written by Pirani cannot be "newly discovered" within the meaning of Rule 59. This argument is not only meritless—it strains credulity.

7. Pirani seeks a new trial on the basis that he was not given an opportunity to cure so-called "citation defects" in his motions in limine. That description is misleading. The issue was not minor citation defects, but rather a submission of wholly fabricated cases and materially false citations—none of which had grounding in law. These filings served only to mislead the Court and waste judicial resources and further burden Hatfield's trial preparation. The Court struck the offending motions, but this did not prevent

Pirani from thereafter raising proper objections to the underlying evidence during trial. He identifies no trial error stemming from the denial of his baseless and sanctionable motions in limine, which relied on fictitious authority generated using Artificial Intelligence. His request for a new trial on this ground fails.

8. Pirani next argues that Hatfield presented inadequate evidence regarding his ability to pay a damages award. [ECF No. 445,] at ¶¶ 39–41. This claim lacks merit. It was Pirani himself who testified—unprompted—that he could not afford to pay any judgment and would be forced to file for bankruptcy. That assertion came during his own narrative on the stand. Moreover, the jury heard ample evidence that Pirani was paid nearly $500,000 in connection with the two underlying death cases. His financial position was clearly before the jury, and his current claim is both factually unsupported and logically inconsistent with his own testimony.

9. In his untimely proffered damages briefing, Pirani asserts that there is no underlying tort to support an award of punitive damages. That claim is plainly wrong. The underlying tort is civil conspiracy, as set out in the jury instructions and confirmed by the jury's verdict. The jury answered "yes" to all relevant interrogatories on the civil conspiracy claim and awarded Hatfield $638,000 in damages. Pirani's attempt to relitigate that finding is both procedurally improper and legally baseless.

10. Pirani next argues in his proffered damages briefing that Hatfield's request for a substantial punitive damages award during closing argument—despite drawing no contemporaneous objection—somehow constitutes a Due Process violation. It does not. The jury instructions plainly stated that "statements, arguments, questions, and comments by the lawyers . . . are not evidence." [ECF No. 426 at 7.] Pirani raised no objection at the time, waiving any such challenge. His attempt to reframe standard closing argument as a constitutional violation is unsupported and unavailing.

## Conclusion

Hatfield respectfully requests that the Court deny Pirani's untimely motion for judgment as a matter of law and award fees incurred in responding to a brief that, by all rights, should not be considered. Pirani's persistent disregard for court-ordered deadlines, and his pattern of late filings and extension requests, demonstrates a recidivistic lack of respect for the Court's authority.

It is remarkable that Pirani continues to litigate in this manner—persistently disregarding deadlines and court rules—while a show-cause order remains pending for his use of Artificial Intelligence and his failure to cooperate with Hatfield's counsel during pre-trial preparation, as ordered.

His repeated procedural violations appear calculated to test the Court's patience and undermine the orderly administration of justice. This pattern of conduct cannot be excused.

JASON M. HATFIELD, P.A.

_/s/_

Mark Murphey Henry, Ark. Bar No. 97170
Otto Matthew Bartsch, Ark. Bar No. 2022264
HENRY LAW FIRM
P.O. Box. 4800
Fayetteville, Arkansas 72702
Telephone:   (479) 368-0555
Email:        mark@henry.us
Email:        otto@henry.us

*Counsel for Plaintiff*