IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| JASON M. HATFIELD, P.A., | ) | |
| | ) | CASE NO. 5:22-cv-05110-TLB |
| PLAINTIFF, | ) | |
| | ) | |
| VS. | ) | DEFENDANTS' JOINT |
| | ) | RULE 4(a)(5) MOTION FOR |
| TONY PIRANI and PIRANI LAW PA, | ) | EXTENSION OF TIME TO FILE |
| | ) | NOTICE OF APPEAL |
| DEFENDANTS. | ) | |

**DEFENDANTS' JOINT RULE 4(a)(5) MOTION
FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL**

COME NOW the separate defendants Tony Pirani, *pro se*, Pirani Law PA, by and through their attorney, Tony Pirani of Pirani Law PA (hereinafter, collectively, "Pirani"), and, for their Joint Rule 4(a)(5) Motion for Extension of Time to File Notice of Appeal, do hereby respectfully and humbly state and pray for relief as follows:

### I.  PROCEDURAL BACKGROUND

1. On August 28, 2025, this Court entered its Opinion and Order (ECF 440) and Judgment (ECF 441) in the amount of $11,473,000.00 against Pirani.

2. Under Fed. R. App. P. 4(a)(1)(A), the deadline to file a notice of appeal was September 27, 2025, which fell on a Saturday. Under Fed. R. Civ. P. 6(a)(1)(C), that deadline extended to Monday, September 29, 2025.

3. On September 26, 2025, at 12:10 a.m., Pirani filed a Renewed Motion for Judgment as a Matter of Law and Motion for New Trial or, Alternatively, Remittitur under Rules 50(b) and 59(a) (ECF 445). The filing was completed after midnight due to drafting and technical

difficulties, but Pirani acknowledges that by the time the motion successfully posted to the docket, the 28-day period had technically expired.

4. Pirani accepts full responsibility for this lateness and does not seek to minimize or excuse it. Despite best efforts, Pirani was simply unable to complete and file the motion in time.

5. Even though it would have still been technically late, Pirani also notes that the first attempt at filing would have been barely past midnight, but the initial upload attempt was rejected, the document had to be converted and flattened, the upload had to then be restarted, and the final timestamp ultimately, regrettably, reflected 12:10 a.m.

6. At the time, exhausted and already distraught after having missed yet another deadline by a hair, Pirani still believed, mistakenly, although in good faith, that the filing could still be considered by the Court under a substantial compliance standard. To be certain, however, and to not waive the opportunity for a later Rule 60(b) pleading, Pirani also filed a Rule 60(b) Notice (ECF 446) to clarify anticipated future filings "after the Court rules on the pending Rule 50(b)/59 motion." *Id.* at p. 1 ¶ 2, thereby further evidencing his good faith, but failed, attempts at compliance with the Rules, very painfully aware of the Court's prior admonitions in its August 28, 2025 Opinion and Order (ECF 440) regarding timeliness.

7. Pirani further continued to believe, again, in good faith, albeit mistakenly, especially as the Court has not yet ruled on the pending motions, that the time for appeal had been tolled. It was only after carefully reviewing the rules and recalculating deadlines that Pirani realized the 11-minute delay in filing would likely mean the motion did not toll the appeal period.

8. Pirani therefore now files this motion out of an abundance of caution, within thirty (30) days after the expiration of the appeal period, as is expressly permitted by Fed. R. App. P. 4(a)(5)(A)(i).

## II.  APPLICABLE RULE

9. Rule 4(a)(5)(A) provides:

    (A) The district court may extend the time to file a notice of appeal if:

    (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

    (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

10. Under Rule 4(a)(5)(C), no extension may exceed "30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later."

11. Because the prescribed 30-day appeal period expired on September 29, 2025, and this motion is filed on October 27, 2025, it is thus timely under Rule 4(a)(5)(A)(i).

## III. EXCUSABLE NEGLECT AND GOOD CAUSE

12. The standard for "excusable neglect" derives from *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993), which considers: (1) danger of prejudice to the opposing party; (2) length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *See also Union Pac. R.R. Co. v. Progress Rail Servs. Corp.*, 256 F.3d 781, 782–83 (8th Cir. 2001); *United States v. Boyle*, 469 U.S. 241, 245, n. 3 (1985) (finding "neglect" necessarily "imply[ies] carelessness"); and *Johnson v. Dayton Electric Manufacturing Co.*, 140 F.3d 781, 784 (8th Cir. 1998) (noting that the "existence of a meritorious defense continues to be a relevant factor.").

13. Here, Pirani has set forth multiple potentially meritorious defenses and arguments for both reconsideration and appeal, and all four of the *Pioneer* factors favor granting this motion.

### A.  Minimal Prejudice and Short Delay

14. The delay at issue here is brief and purely procedural. No prejudice will result to Plaintiff, who has already secured a substantial judgment and continues to litigate post-trial matters such as attorney's fees. Granting this short extension to Pirani will impose no burden and merely ensures orderly appellate review. Even though Pirani's failure may be "attributable to negligence" (*See Union Pac. R.R.*, *supra* at 782) (quoting *Pioneer*, *supra*, at 394), Pirani should still not be denied the opportunity for orderly appellate review over such error.

### B. Reason for the Delay

15. The reason for the 11-minute delay in the filing of the original post-trial motion was neither willful nor tactical but human and technical. Pirani certainly did not do so on purpose.

16. Pirani accepts this was his responsibility and that he also spent far too much time refining legal research at the expense of mechanical preparation, but representing, ultimately, an over-focus on substance, not a willful neglect of procedure. He likewise filed a short Rule 60(b) Notice to prevent automatic conversion of his 50(b)/59 motion, believing that filing, even slightly late, would pause the appeal clock. Only upon later study of Rules 4(a)(4), 50(b), 59(b), and 6(b)(2) did he realize that an untimely 50(b) motion cannot toll clock.

17. That realization, even without any formal ruling on his earlier motion, is precisely what prompted this filing, a corrective, not a delay tactic, brought within the only window that Rule 4(a)(5) allows.

### C. Good Faith and Context

18. Pirani's conduct throughout reflects candor and persistence. He has never sought delay or advantage, only the chance to have issues reviewed on their merits. Working alone, without staff, and under continuing financial hardship, he has struggled mightily procedurally and with time management, as has also been evident throughout, but he has also consistently

sought to act transparently. Pirani is further actively seeking appellate counsel to ensure that any further steps are handled professionally and at only the highest standards.

19. It is unfortunate and extremely regrettable, and much to his chagrin, that Pirani has so often proven unable in this particular case to meet certain procedural deadlines and requirements, but it also cannot ever be fairly said that anyone has suffered more as a result of the same than Pirani himself, whom, had he had the benefit of independent counsel, may well likely have never even been in the position of needing to file an appeal in this matter anyway.

20. Accordingly, this motion represents not simply another plea for leniency, but a final act of compliance, an effort to finally align perfectly with the procedural rules and to close out the district court phase of this case properly, but now with independent appellate counsel. Pirani remains deeply respectful of this Court's patience throughout these proceedings. He asks only for the opportunity to ensure that his rights are preserved in accordance with the law, that the case may proceed in an orderly and final manner, and that justice be done.

## IV. TIMING AND PATTERN OF DELAYS

21. Pirani fully recognizes this Court's repeated admonitions regarding lateness and timeliness and accepts them without reservation. This motion is an act of correction based on belated clarity. When Plaintiff first raised timeliness, Pirani believed his post-trial motions tolled the appeal period because they were pending. After re-reading the governing rules and recalculating dates, he belatedly realized that because the 50(b)/59 motion was technically 11 minutes late, it foreclosed tolling. He now brings this motion within the precise 30-day window, neither prematurely nor beyond it, a demonstration of correction, not disregard.

## V. EQUITY, PROPORTIONALITY, AND DUE PROCESS CONCERNS

22. This case involves an over $11 million judgment against a self-represented attorney who was added late and whose role was limited and derivative. The substantive RICO claims were dismissed; any appeal would be narrow and discretionary. Granting a short extension would not burden the Court or expand the record. It would simply preserve appellate review of an extraordinary and legally dubious judgment with extreme consequences. Denying it would forever foreclose review, producing an outcome well disproportionate to the error.

### A. Pending Fee Motion Context

23. In additional support of this motion, Pirani notes that Plaintiff's motion for attorney's fees also remains pending. Under Fed. R. Civ. P. 54(d)(2) and 58(e), a timely fee motion may, upon the Court's order, have the same effect under Fed. R. App. P. 4(a)(4) as a timely Rule 59 motion. While no 58(e) order has been entered, of course, the unresolved fee issue still underscores that post-judgment proceedings are not yet complete and that finality remains procedurally complex. This ongoing pendency further supports granting a short extension under Rule 4(a)(5) to ensure clarity and fairness in the appellate timetable.

### B. Lack of Prejudice

24. Plaintiff suffers no prejudice from this extension. The judgment remains intact; execution is unaffected. The only consequence is permitting appellate review on a defined record while all parties proceed with full notice. This is the very circumstance in which equitable relief was meant to apply, as Pirani is humbly and respectfully seeking of the Court here.

### C. Human Circumstances

25. As this Court is well aware, Pirani has labored for quite some time under severe financial limitations, no staff, and overlapping professional obligations while recovering from severe, lengthy, and life-threatening health setbacks. These factors help explain, though

not excuse, his repeated errors, but they do, Pirani respectfully avers, constitute excusable neglect under equitable principles. This motion is brought from a place of understanding rather than confusion, attempting to fulfill every procedural duty faithfully, continuing to seek out skilled federal appellate counsel to assist him moving forward so as to avoid any further issues such as these which have resulted from inadequate *pro se* representation.

### D.  Narrow Appellate Scope

26. The appeal in this matter, if allowed by Court, will be limited and deferential in scope, especially given the unfortunate untimeliness of Pirani's 50(b)/59 motion. Granting this motion will thus simply permit at least a narrow review by the Court of Appeals.

### E.  Judicial Authority and Equitable Purpose

27. Rule 4(a)(5) exists for precisely this type of situation, where technical failure would otherwise forfeit appellate rights that equity demands be preserved. *Pioneer* teaches that excusable neglect is an "elastic concept" that "is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer*, *supra* at 392. The Eighth Circuit similarly recognizes that inadvertence or misunderstanding, when promptly corrected and causing no prejudice, as Pirani is attempting to do here now, may warrant relief. *See Union Pac.*, *supra* at 783.

28. It is not as though Pirani is not acutely and painfully aware of his procedural failures in this matter, but he does respectfully submit that Rule 4(a)(5) is clearly implicated when an 11-minute delay would forfeit any opportunity for appellate review at all in this serious case.

### F.  Constructive Transition

29. Granting this motion will not prolong the district court proceedings but will allow a proper and orderly transition to appellate jurisdiction, where subsequent matters will be handled by separate counsel skilled and well-versed in appellate representation.

30. This Court has obviously seen Pirani's shortcomings firsthand in this particular matter, but the Court has also seen his candor and persistence. As he would be the first to admit, his procedural failures have been obvious and apparent in hindsight, but they have never been in bad faith. Accordingly, this motion represents accountability, belated clarity, and one final request for a lawful appellate opportunity from this devastating judgment.

## VI. THE SUBSTANTIVE-PROCEDURAL DIVIDE

31. Ultimately, what Pirani is respectfully asking this Court to do is to weigh substance against procedure. His errors have been procedural, not substantive. His sole intent is to ensure that the central legal issues receive one layer of appellate review, to hopefully preserve at the least the limited review available to him now.

32. Granting this motion would clearly be in the interests of justice and will ensure a complete, final record. Denying it would forever extinguish appellate rights over an $11+ million judgment because of an 11-minute mistake. Equity and justice both favor the former.

## VII.     CONCLUSION

33. For all of the above and foregoing reasons, and pursuant to Fed. R. App. P. 4(a)(5), Pirani respectfully and humbly requests that this Court find that his failure to file a notice of appeal by September 29, 2025, resulted from excusable neglect and/or good cause, given the post-trial procedural circumstances, and grant an extension of time permitting the filing of a notice of appeal within fourteen (14) days after entry of the Court's order.

**WHEREFORE**, Separate Defendants Tony Pirani and Pirani Law PA, hereby jointly and respectfully pray and request that this Court grant their Motion and enter an Order extending the time for filing of a Notice of Appeal to within fourteen (14) days after entry of the Court's Order, and for any and all other legal and equitable relief deemed just and proper under the totality of the facts and circumstances of this case and to which the Pirani Defendants are, or to which they may otherwise prove themselves to be, entitled herein.

        Respectfully submitted,

        TONY PIRANI,
        PIRANI LAW PA,

        Separate Defendants

By:   */s/ Tony Pirani*
        Tony Pirani, Ark. Bar No. 2006234
        Pirani Law PA
        121 N. School Ave., Ste. 2
        Fayetteville, Arkansas  72703
        Telephone: (479) 935-3150
        Facsimile: (479) 935-3151
        Email: tony@piranilaw.com
        ***Pro Se***
        ***Attorney for Separate Defendants***