IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

Jason M. Hatfield, P.A.,

   *Plaintiff*

v.

Tony Pirani and Pirani Law PA,

   *Defendants.*

Case No. 5:22-cv-05110-TLB

## Opposition to Motion to Extend

    The Court should deny Pirani's motion for relief under the appellate rules. His filing is both untimely and legally unsupported, reflecting a continuing pattern of delay, procedural neglect, and strategic misuse of judicial resources.

    On its face, the nine-page motion fails to show good cause, provides no indication of how Pirani intends to fund an appeal, names no appellate counsel despite his statement that he will not handle the appeal himself, and offers no basis to conclude that the relief sought would serve any legitimate purpose. It is a last-minute attempt to revive an expired right without meeting the legal standards required to do so.

    Pirani also misrepresents the motion as "joint." Under Federal Rule of Appellate Procedure 4(a)(5)(B), he was required to confer with Hatfield's counsel before seeking an extension of time to appeal. He did not. The "joint" caption is misleading and unsupported, further underscoring his disregard for procedural rules and candor with the Court.

    The pattern continues with his failure to comply with filing deadlines. Judgment entered on August 28, 2025, making his Rule 50(b) motion due by September 25. He filed it on September 26—one day late—and admits it was untimely. [ECF No. 448 ¶ 3.]

He was aware of the missed deadline based on Hatfield's opposition. [ECF No. 447.] Similarly, under Federal Rule of Appellate Procedure 4(a)(1)(A), Pirani had 30 days to file a notice of appeal—until September 29, 2025, due to the weekend. He let that deadline pass without action.

Financially and procedurally, Pirani is not in a position to proceed with an appeal. He claims to be under "continuing financial hardship." [ECF No. 448 ¶ 18.] But under Federal Rules of Appellate Procedure 3 and 10, he was required to file a proper notice of appeal, pay the $600 appeal fee, and, within 14 days, make arrangements with the court reporter to obtain the trial transcripts. He has done none of these things and offers no evidence he can. He does not even claim the ability to pay for the trial record, including the week-long jury trial and pretrial hearings essential to any appellate review.

Now, more than a month after missing the appellate deadline—33 days late—Pirani invokes the appellate rules to attempt to cure his failure. But Federal Rule of Civil Procedure 11(b)(2) requires that any motion be supported by existing law or a nonfrivolous argument for change. This motion meets neither standard. It is facially futile and procedurally defective.

The Court should deny Pirani's motion. He fails to show good cause, offers no plan to prosecute an appeal, and provides no indication that any meaningful relief could result. The motion is futile and wastes judicial resources.

JASON M. HATFIELD, P.A.

_____
Mark Murphey Henry, Ark. Bar No. 97170
Otto Matthew Bartsch, Ark. Bar No. 2022264
HENRY LAW FIRM
P.O. Box. 4800
Fayetteville, Arkansas 72702
Telephone:   (479) 368-0555
Email:        mark@henry.us
Email:        otto@henry.us

*Counsel for Plaintiff*

– 2 –